(109 So. 504)

No. 27598.

## HIRTZLER v. HIRTZLER.

(May 31, 1926.   Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Evidence ⬡60.**

Witnesses testifying on behalf of wife, in divorce suit against her on statutory grounds, are presumed not guilty of perjury.

**2. Divorce ⬡109.**

Wife's innocence of immoral acts charged in divorce suit is presumed.

**3. Divorce ⬡129(16).**

In suit for divorce on statutory grounds, evidence *held* insufficient to sustain decree for plaintiff.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit for divorce by Fred Hirtzler against Estelle Bourg Hirtzler. Judgment for plaintiff, and defendant appeals. Judgment annulled.

Rudolph O. Vorbusch, of New Orleans, Moise Thibodeaux and Shelby Taylor, both of Baton Rouge, for appellant.

F. F. Teissier, of New Orleans, for appellee.

O'NIELL, C. J. The defendant has appealed from a judgment of divorce, granted on statutory grounds, and giving her husband the custody of their child, three years of age.

[1] The only evidence that was offered to prove the defendant's guilt was the testimony of two detectives who were employed and paid by the plaintiff, as they admit, to "shadow" the defendant. The testimony of the detectives was contradicted by that of the defendant and of two other women, whose veracity is not otherwise impeached. They testified that the defendant was on her way to Baton Rouge, with one of them, in an automobile, on the occasion in question, when the detectives say they were watching her movements in New Orleans. The testimony of the three women seems credible in itself and is in accord with the circumstances of the case. Either their story was true or they committed perjury. The presumption that they were not guilty of perjury is strengthened when we consider how easy it would have been to show that their story was a falsehood, and what a risk they assumed of being convicted of perjury, if their story was false.

[2] The presumption of innocence of the defendant of the immoral act which she was accused of in this suit is supported by the fact that there is no suggestion that she was given to improper conduct at any other time in her life. She offered to prove her good character in that respect, but the judge, in his own motion, declined to hear the testimony because her character was not at issue, except for the charge specified in the petition in this case. It does not appear, and is not contended, that the plaintiff had any cause for suspicion when he employed the detectives to "shadow" his wife.

Another consideration that tends to strengthen the presumption in favor of the defendant is that her marital status at the time was such as to keep her under restraint and on the qui vive; for she had obtained, in the district court at Baton Rouge, less than four months before, a judgment of separation from bed and board, with alimony, and with a decree giving her the care and custody of her child, on grounds of intemperance and cruel treatment on the part of her husband. It is not probable that, while she was waiting for the year to go by, to convert her judgment of separation into an absolute divorce, with a decree awarding her the permanent custody of her child, who was with her at the time, she would have committed the faux pas which the detectives described in this case. She sued for and ob-

tained the absolute divorce, and the permanent care and custody of the child, and alimony for the child, a few months after the judgment was rendered against her in this case, and while it was pending on appeal. See Estelle Bourg Hirtzler v. Fred Hirtzler (No. 27844) post, p. 825, 109 So. 505, in which we are rendering a decision to-day.

[3] Without reflecting upon the veracity of the detectives who testified in the case, we maintain that the plaintiff, under the burden of proof, failed to sustain his charge by a preponderance of evidence. In fact, the weight of the evidence, in our judgment, is on the side of the defendant.

She pleaded want of jurisdiction in the civil district court for the parish of Orleans, averring that her domicile was in Baton Rouge; but, having found that the plaintiff has no cause of complaint, we find it not necessary to decide whether the defendant waived her plea to the jurisdiction, as the learned counsel for the plaintiff contends.

The judgment appealed from is annulled and the plaintiff's demand is rejected at his cost.