(109 So. 505)

No. 27844.

### HIRTZLER v. HIRTZLER.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Courts ☞475(15).**

District court, which rendered judgment of separation in favor of wife, need not stay proceedings to have such judgment converted into one of absolute divorce, pending outcome on appeal of husband's divorce suit, in another district court, brought after entry of separation judgment.

**2. Divorce ☞289.**

Act No. 247 of 1916 amending Civ. Code, art. 160, authorizing allowance of alimony in divorce judgments, *held* not to preclude alimony for support of minor child.

**3. Divorce ☞306.**

$60 monthly alimony for support of minor child in custody of divorced wife *held* not excessive, where husband's salary was $188 and wife earned $50 per month.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit for divorce by Estelle Bourg Hirtzler against Fred Hirtzler. Judgment for plaintiff, and defendant appeals. Affirmed.

F. F. Teissier, of New Orleans, for appellant.

Shelby Taylor and Moise Thibodeaux, both of Baton Rouge, for appellee.

O'NIELL, C. J. This is an appeal from a judgment of divorce, giving the plaintiff the care and custody of her child, and condemning the defendant to pay $60 a month alimony for the support of the child. The decree was based upon a judgment of separation from bed and board, without reconciliation during the year.

The defendant asked for a stay of proceedings in the district court, because he had obtained a judgment of divorce in the civil district court for the parish of Orleans, after the judgment of separation was granted in this case, and his suit for divorce was pending on appeal when this suit for an absolute divorce was filed. See Fred Hirtzler v. Estelle Bourg Hirtzler (No. 27598) ante, p. 823, 109 So. 504, decided to-day.

[1] The judge of the district court in Baton Rouge, having assumed jurisdiction over the marital relations of the couple before the civil district court in New Orleans assumed jurisdiction, was not compelled to order a stay of proceedings in his court until the suit in the other court could be decided finally on appeal. It was not a case of lis pendens, because the cause of action in the suit in Baton Rouge was not the same as in the suit in New Orleans. All of which is a matter of no importance, now that we have dis-

missed the suit that was filed in New Orleans.

[2] Appellant complains of the alimony allowed for the support of the child. He contends that Act 247 of 1916, p. 521, amending article 160 of the Civil Code, which authorizes the courts to allow alimony for the wife in judgments of divorce, does not authorize an allowance of alimony for the minor child or children. There is nothing in the statute to relieve a father of a minor child of his obligation to support the child.

[3] Appellant complains also of the amount that he is condemned to pay. His salary is $188 a month. He contends that he should not be compelled to pay more than $12.66 a month; that is, a third of his salary, less $50 a month which his wife was earning. She had just found employment and had worked only one week, at $12 a week, when this suit for divorce was tried. Even if it were not the duty of the father alone to contribute the money necessary to support his child, it would be very unjust to require the mother to contribute all of her meager wages and require the father to contribute only $12.66 a month out of his salary of $188 a month. It does not appear from the evidence that $60 a month is an excessive allowance for the support of the child.

The judgment is affirmed at appellant's cost.