LEWIS T. POTTINGER v. FRANCES ADELIA POTTINGER.

182 So. 762.
Opinion Filed July 13, 1938.

H. B. S. *Hammond,* for Appellant;
E. W. & R. C. *Davis,* for Appellee.

BROWN, J.—On the 21st of October, 1935, appellant obtained a final decree of divorce from the appellee, Frances A. Pottinger, in the Circuit Court for Orange County, Florida, and by the terms of the decree the care, custody and control of their minor child was awarded to appellee and the appellant was ordered to pay the sum of one hundred dollars ($100.00) per month to the appellee to provide for the care, education and comfort of said minor child.

Shortly thereafter, to-wit, in November, 1935, the appellee married again and was informed by the appellant that he would only pay her twenty-five dollars ($25.00) per month thereafter.

On March 6, 1937, the appellant presented to the Circuit Court of Orange County his petition wherein he prayed the court to enter an order modifying the final decree by reducing the payments of one hundred dollars per month to twenty-five dollars per month.

On the same day the appellee presented her answer to the petition and testimony was taken orally before the court. At the close of the testimony, to-wit, on the first day of April, 1937, the court entered its order modifying the final decree by reducing the amount allowed the appellee for the support of the minor child from one hundred dollars to sixty dollars per month, and directing him to pay the sum of $1,125.00 to the appellee, which sum represents the amount of the deficit in the past due payments, that is, the differ-

ence between twenty-five dollars per month that appellant had been paying and the one hundred dollars per month he had been ordered to pay by the terms of the final decree.

The Chancellor was of the opinion that he had no right to modify the decree as to the past due payments, as will appear from the following part of the order:

"At a subsequent hearing the respective parties and their counsel were present and the defendant's motion was fully argued, and after argument of respective counsel upon the law involved in said matter the Court being of the opinion that it had no right or authority to enter an order changing, altering or modifying the back support money that had already accrued, and that the said monthly payments as ordered by the Final Decree become invested as and when the same become due and payable, * * *"

It is contended by the appellant that sixty dollars per month is not a reasonable amount for him to pay appellee for the support, maintenance and education of an eight-year-old child.

The testimony is very brief in this case. The appellant has prepared an itemized statement showing that it was necessary to spend the following sums each month on the child:

| "Food | $25.00 |
| Clothes | 15.00 |
| Rent | 10.00 |
| School | 4.00 |
| Maid | 4.00 |
| Laundry | 4.00 |
| Medical | 1.00 |
| Dental | 1.00 |
| Amusements | 1.00 |
| Dancing | 5.00 |
| | $70.00" |

Testimony reveals that appellant's income is as great as it was when the final decree was entered awarding one hundred dollars per month for the support of the child. It was also stated by appellant's counsel in open court that "he (appellant) was not raising any question as to his client's ability to pay one hundred dollars per month." The only testimony introduced by Mr. Pottinger as to the cost to maintain a child eight years old was to the effect that he considered twenty-five dollars per month ample and that he had paid all the bills while he and his wife were living together. Apparently the appellant places his main reliance for the reduction of the amount awarded under the final decree on the grounds that he agreed to pay the one hundred dollars a month as support of the divorced wife and the child and that appellee's remarriage had relieved him of the obligation of supporting her and that twenty-five dollars per month was sufficient to support the minor child.

The remarriage of the divorced wife does not relieve the husband from the obligation, placed upon him by the final decree, of supporting his child. The testimony is ample to support the findings of the chancellor and it is not made to appear that the chancellor abused his discretion in awarding sixty dollars per month for the care, education, maintenance and support of the minor child. As an example of an allowance of this amount for the support of a minor child see Hirtzler v. Hirtzler, 161 La. 825, 109 So. 505. It was held in that case that where the father was earning $188.00 per month, $60.00 per month was not an excessive allowance for the support of a child.

The only other question raised on this appeal is whether or not the lower court had the authority to enter an order retrospectively modifying the monthly installments that were delinquent and past due under the final decree of October 21st, 1935.

Appellant contends that the installments as they become due and payable do not become vested rights in the appellee, because of Section 4993 C. G. L. 1927, which is as follows:

"In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable, and just, and such order touching their custody as their best spiritual as well as other interests may require."

Appellant also contends that Section 1, Chapter 16780, Acts of 1935, also gave the court the right and authority to enter an order that would retrospectively affect the accrued installments.

This Court held in the case of Van Loon v. Van Loon, decided at this term, that this chapter was not applicable to past due installments of alimony under a valid judicial decree that remained unpaid and that such sums constitute vested property rights of which the party cannot be deprived except by due process of law. It is also pointed out in the specially concurring opinion that Chapter 16780 should not be given a retrospective effect as to vested rights, but that by virtue of the general power of a court to control its own processes the court may, for strong equitable reasons, growing out of radically changed circumstances, refuse to enforce its decree by issuance of execution or by contempt or *ne exeat* proceedings against a party in default. Where rights have vested or been acquired in good faith under a decree of any sort, which has become final, the courts generally refuse to stay or withhold execution of the decree.

The lower court is without authority to so modify the original decree as to affect the past due installments, as rights have become vested thereunder, and it is not shown

by the record that there has been any radical change in the conditions of the parties, but on the contrary it appears that the financial condition of the appellant is practically the same or perhaps better than at the time the final decree was entered and that he was and is able to make the payments ordered by that decree.

No error appearing in the record, the lower court is accordingly affirmed.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.