G. C. WESTERVELT v. ISTOKPOGA CONSOLIDATED SUBDRAINAGE DISTRICT, a Florida Drainage Corporation, et al.

35 So. (2nd) 641           June Term, 1948
June 4, 1948           En Banc
Rehearing denied June 25, 1948

*Lewis E. Purvis* and *J. Lewis Hall,* for petitioner.

*Mabry, Reaves, Carlton, Anderson, Fields & Ward,* for respondents.

PER CURIAM:

The Chancellor has denied plaintiff's motion to strike certain portions of defendant's answer, and plaintiff now seeks to have the order reviewed on certiorari.

The petitioner bases his motion for reversal of the order of the Chancellor upon the ground that the matters sought to be stricken do not constitute a defense and are contrary to the law of the case established by the decision in this same case on a prior appeal, as reported in 158 Fla. 214, 28 So. (2nd) 859.

In finally disposing of the former appeal and in order that the law of the case might not be applied by reason of the reported opinion this Court decreed that its opinion should be:

" . . . without prejudice however to leave of the appellees to file an amended answer and counterclaim going to the *equities* of the cause."   (Underscoring supplied).

Relative to answers in equity, this Court in Gossett v. Ullendorff, 114 Fla. 159, 154 So. 177, 179, stated:

"The motion to strike from an answer any part of it which may be deemed to be redundant, impertinent or scandalous is controlled by the rule which requires the denial of the motion unless the matter sought to be stricken is wholly irrelevant,

can have no bearing upon the equities and no influence upon the decision either as to the relief to be granted or the allowance of costs. See Sec. 23, Chap. 14658, Acts 1931, known as the Chancery Act."

The principles of equity pleading above enunciated have recently been re-affirmed by the case of Schupler v. Eastern Mortgage Co., 160 Fla. 72, 33 So. (2nd) 586.

The petition for certiorari is denied. This will save and reserve unto the petition all the benefits and advantages of any insufficiencies of the answer which are defensive in nature. It is further observed that by reason of the probability of another appeal to this Court from the final decree and by reason of the complications involved it appears that it would be a great saving of expense and time if the Chancellor, when entering the decree, should make a finding of fact on the material matters affecting the equities of the parties.

TERRELL, CHAPMAN, ADAMS and BARNS, JJ., concur.

THOMAS, C. J., and SEBRING, J., concurring in part and dissenting in part.