On certiorari, as on appeal, the question is: Has it been made to affirmatively appear that the Chancellor has committed harmful or grievous error?
In this instance the Chancellor (1) denied petitioner's "motion to strike" paragraphs "4, 6 and 8" of respondent's answer.
Our holding in Schupler v. Eastern Mortgage Co., 33 So.2d 586, which was based on previous decisions of this Court and which has been adhered to, was to the effect that an answer will avail a defendant only so far as in equity it should, and it is error to strike matter relevant and pertinent to the equities though it would affect equities only to extent of assessments of costs, the test being not whether the answer states a defense but whether matter is relevant or material.
The last reaffirmance of the Schupler case on this point was Westervelt v. Istokpoga Consolidated Subdrainage District, 35 So.2d 641.
One question to be ultimately decided is: What shall be the rest period for determining the rents payable to the plaintiffs from the profits? And also it is doubtful that the accounting of the defendant as contained in exhibits to his answer is in accord with the answer, but these matters are details which may properly be left to the consideration of the Chancellor and with which we need not now be concerned.
The matters contained in the paragraphs of the answer which petitioner sought to have stricken are not so irrelevant, immaterial and impertinent as to warrant the Chancellor in striking them, and the Chancellor was evidently guided by the principles enunciated in the Schupler and Westervelt cases, supra.
The petition for certiorari should be denied.
CHAPMAN and HOBSON, JJ., concur. *Page 771