Suit by Ted Keech and Mary Keech, his wife, against Christina Petersohn and others. To review a decree granting a motion to strike portions of defendants' answer, defendants bring certiorari.
Petition granted and orders striking portions of the answer quashed.
History of the case: The defendants filed an answer to plaintiffs' bill and the *Page 715 
chancellor sustained and granted a motion to strike portions of defendants' answer, which order, striking portions of the answer, petitioners seek to have reviewed by certiorari.
The only material portions of the record are: (1) The bill as amended; (2) the defendants' answer; (3) plaintiffs' motion to strike portions of answer; (4) order granting motion; and (5) the clerk's certificate. It would have been better to omit the other twenty-five (25) items from the record, since they are not pertinent to the consideration of the petition for certiorari.
Our holding in Schupler v. Eastern Mortgage Co., 33 So.2d 586, which was based on previous decisions of this Court and which has been adhered to, was to the effect that an answer will avail a defendant only so far as in equity it should, and it is error to strike matter relevant and pertinent to the equities though it would affect equities only to the extent of assessments of costs, the test being not whether the answer states a defense but whether matter is relevant or material.
The last reaffirmance of the Schupler case on this point was Westervelt v. Istokpoga Consolidated Subdrainage District, Fla.,35 So.2d 641.
It is our conclusion that the portions of the answer stricken by the chancellor come within the limitations and that it was error to grant the motion to strike.
The petition is granted and the order striking portions of the answer is quashed.
TERRELL, CHAPMAN, and SEBRING, JJ., concur.
ADAMS, C.J., and THOMAS, J., dissent.