HOBSON, Justice.
Plaintiff-appellee, an architect, sued at law for monies allegedly due as a, fee for professional services rendered to defendant-appellants pursuant to a written contract, a copy of which was attached to the complaint. This contract called for the design, preparation of specifications, and supervision of construction of a motel, with the stipulation that “if any work designed or specified by the Architect is abandoned or suspended, in whole or in'part, the Architect is to be paid for the service rendered oh account of it.” 'The fee was to be 5%'% of the cost of the work, this percentage being referred to as the “basic rate”. The contract further provided that a payment equal to 25% of the basic rate, “computed upon a reasonable estimated cost”, was to be made upon completion of the preliminary studies, and-by the time specifications and general working drawings had been prepared, the payment to the architect was to aggregate 75% of his fee, computed upon a reasonable cost, “or if bids have been received, then computed upon the lowest bona fide bid or bids”. The complaint alleged that the plaintiff had duly performed the conditions of the contract which would entitle him to the 75% figure, 'that bids were received, the lowest of which was $289,492, that his total fee based upon this figure was $11,941.50, that only $3,500 had been paid to him, and that the balance due him was $8,441.50.
No motions addressed to this complaint were filed.
It is well to note here that the judgment appealed from is one by default, for the balance due on the fee, as alleged .in the complaint, plus interest and costs. The only assignment o,f error is “[t]hat the court erred in striking the defense of the Defendants that was filed on the 16th day of September, 1953.” Appellants contend that since this defense was striken as a sham, we should examine the entire record to determine whether this action on the part of the court was proper, while appellee asserts that our attention should be confined to the defense stricken. - For the purpose of discussion, we will accept appellants’ contention and consider the record in chronological order, so that the action of the court which is assigned as error will appear in context. For convenience, we will hereinafter refer to the parties as they were styled below.
Some time after the complaint was filed, defendants made their first appearance in court by filing a pleading listing five numbered defenses. Both in form and in substance, this pleading resembled a collection of affirmative defenses. It set up matter ' principally in the nature of avoidance. It could have been construed as an answer, in that each defense referred to a paragraph of the complaint and some of the averments therein were denied, but it was virtually impossible to determine from the whole pleading what position the defendants took with regard to the allegations of the complaint. Plaintiff promptly filed a motion to strike on several grounds, but with particular reference to the requirements of Rule 9(c) of the Florida Common Law Rules, 30 F.S.A., then in force [present Rules-of Civil Procedure, Rule -1.8(c), F.S.A.]. Before this motion was heard, defendants filed an amended pleading containing six defenses, but subject to the same infirmities possessed by their original pleading. A second motion to strike was filed, and on July 23, 1953, the court ordered the entire pleading stricken, with leave to amend within ten days.
There can be no doubt as to the propriety of this ruling. This was a simple- lawsuit on a written contract and presented no extraordinary problems of defensive pleading. The defendants had twice had their attention called to the requirements of Rule 9(c), but their amended pleading was objectionable under this rule and subject to being *297 stricken under Rule 13(f) [present Rule 1.11(f)].
Former Rule 9 of the Florida Common Law Rules [which, with minor changes, is reproduced as Rule 1.8 of the 1954 Florida Rules of Civil Procedure] outlines the way in which an answer containing affirmative defenses or matter in avoidance is to be framed. The availability of affirmative factual material to be pleaded does not relax the requirement of subsection (c) of the rule that the pleader shall state his defenses in “short and simple terms” [or “short and plain terms”, as the 1954 Rules provide]. Subsection (f) of both the old rule and the new requires that “each defense other than denials shall be stated in a separate count or defense whe'never a separation facilitates the clear presentation of the matter set forth.” Reading subsections (c), (d) and (f) together, it becomes apparent that in the ordinary case, such as the one before us, it is the best practice to confine the body of an answer to simple, categorical admissions or denials, in whole or in part, of the allegations of the complaint, paragraph by paragraph [under the new rule it is also permissible to state that the pleader is without knowledge of matter alleged, if such is the fact] and to reserve affirmative defenses or matter in avoidance for separate statement, in numbered paragraphs, following the body of the answer. In this way, the issues become clear, the affirmative defenses can readily be examined for sufficiency, and time is conserved both by counsel and the court.
In the case at bar, the first two defensive pleadings filed were prolix, did not meet the substance of the complaint, and thoroughly obscured the issues, if any there were. In the third defense of the first pleading filed, the defendants denied that the lowest bid was $289,492, as alleged in the complaint, but said that the plaintiff promised plans for a motel wherein the basic bid would not exceed $200,000, and that -the highest bid received wás in the amount of $198,000. In the amended plead-ing, the $198,000 figure was withdrawn, and it was affirmatively alleged- in the first defense that the basic bid was $289,492, which was exactly what the complaint alleged,'as aforesaid. It ■ is unnecessary further to analyze these pleadings, however, since after the amended pleading was stricken, with leave further to amend, defendants apparently abandoned any attempt'to plead that a ceiling of $200,000 had been placed upon the cost of the proposed motel, as well as any attempt to make a complete answer to the complaint.
On August 19, 1953 defendants filed a document raising a .single defense, as follows :
“1. That the contract' sued on and mentioned in the complaint filed herein is not based upon a valid consideration in that said contract was signed by the defendants merely as an accommodation paper so that the complainant could use the same to borrow money from the Citizens and Peoples National .Bank of Pensacola, Florida.”
Plaintiff moved to strike this defense for insufficiency and on the further ground that it was “a sham and was filed for the purpose of delay and in order to prevent the Plaintiff from obtaining judgment by default”. After hearing, this motion was granted, and the defense stricken, on August 24, 1953, with leave to amend within five days.
On September 16, 1953 the last defensive document was filed, raising a single defense in the following language:
“1. That said contract sued on is without consideration and was signed merely as accommodation paper for benefit of Plaintiff so as to allow the Plaintiff to borrow money on it from the Citizens & Peoples National Bank of Pensacola, .Florida.”
It will be noted that this “defense” was almost identical in language with that previously stricken. On the same date this “defense” was filed, plaintiff moved to strike *298 it,. for insufficiency and as a sham,. again alleging that it had been interposed for delay and to prevent judgment by. default. With this motion was filed an affidavit executed by the plaintiff setting forth in some detail the facts surrounding the execution of the contract and the work which-plaintiff had accomplished, thereunder. A hearing was held, no controverting affidavit was filed, and apparently -no testimony was offered by the defendants, who merely announced that they did not desire to plead further, but would stand on the defense filed. Counsel for the plaintiff thereupon moved for judgment by default, which was granted, and, as aforesaid, only the court’s action in striking this last defense is assigned as error.
Upon the record which we have outlined above, we cannot hold that the trial judge erred in striking this “defense” as a sham, and it appears that the contention of appellants is foreclosed by Sarasota Kennel Club v. Shea, Fla., 56 So.2d 505, wherein the plea stricken bore considerable resemblance to that in the case at bar. In addition to the presence here of those considerations discussed in the Sarasota Kennel Club case, in the instant case, so far as appears, the defendants never submitted their amendments within the time allowed, and at the time the last defense was stricken it was apparently the only pleading in. the nature of an answer on file. The trial court accorded the defendants in this case every benefit to which they were entitled. Because of the view we take of the case, it is unnecessary to consider the other questions sought to be raised by appellants. -
Affirmed.
ROBERTS, C. J., and TERRELL, SE-BRING and MÁTHEWS, JJ!, concur.
THOMAS, J., agrees to ■ conclusion and judgment.
DREW, J., agrees to judgment of affirmance. .