MURPHREE, JOHN A. H., Associate Judge.
Appellee sued for specific performance of an option to buy contained in a written lease of certain real estate. Appellants filed an answer of considerable length and a counterclaim that was no model of brevity. Appellee moved to strike portions of the answer and to dismiss the counterclaim. The Chancellor, being of the opinion that the complaint failed to state a cause of action, dismissed it with leave to amend. He also struck the answer and counterclaim in toto. Appellee was allowed to file an amended complaint. In his order the Chancellor admonished counsel for appellants with respect to their future pleadings, in the following terms :
“ * * * that the rules of brevity and conciseness be kept in mind and that the Court not be faced with the necessity of wading through a document of almost newspaper dimensions, such as was filed in the first instance. % 5fC jfc ft
To the amended complaint appellants filed an answer and a counterclaim. A motion to dismiss the complaint was incorporated in the answer. Appellee moved to strike only seven lines from the answer, which was some twelve pages in length, and made no attack upon the counterclaim at all. At the hearing on said motion to strike, the Chancellor obviously and understandably annoyed by the disregard of his instructions by appellants’ counsel, pointed out in.his order that the original answer and counterclaim contained twenty pages, whereas the answer and counterclaim filed to the amended complaint consisted of eighteen pages He said further:
“ * * * It is evident that the defendants’ attorneys disregarded the direction of this Court in the preparation of their answer and counterclaim to the amended complaint; it is also quite evident there is no necessity for such an extensive pleading under the present rules of practice and procedure obtaining in Florida, and that defendants’ attorneys deliberately disregarded the instructions of this Court in the filing of said amended answer and counterclaim, í}c >}c V
Thereupon, appellants’ answer and counterclaim were ordered stricken from the record, the amended complaint taken as confessed, and appellee was instructed to submit a final decree, which was subsequently entered by the Court.
The basic question in this appeal is whether or not the Chancellor committed reversible error in so summarily disposing of appellants’ answer and counterclaim filed to the amended complaint. While his action was not without provocation, we think that he did.
It must be borne in mind that when the Chancellor took it upon himself to *230 dismiss the original complaint and allowed an amended complaint to be filed, the answer and counterclaim in question actually became appellants’ first responsive pleadings to the merits of appellee’s claim. Under such circumstances the Chancellor 'should have granted leave to appellants to amend, or have exercised his own powers under rule 1.11(f), Florida Rules of Civil Procedure, 30 F.S.A., which provides:
“* * * upon the court’s own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.”
Appellee cites the case of Pearson v. Sindelar, Fla.1954, 75 So.2d 295, 297, as authority for the proposition that the pleader must state his defenses in “short and plain terms” and, upon failure to do so, the trial court may strike the defendant’s entire pleadings. An examination of this case, however, reveals that the Court did not finally strike defendant’s answer, without leave to amend, until after defendant had once voluntarily filed an amended answer and the Court had twice stricken amended answers with leave to amend.
We agree with the Chancellor that the amended answer and counterclaim were unduly prolix; however, it must be recognized that specific performance is not a remedy of absolute right but one that rests within the sound judicial discretion of the Chancellor. Because of this, reasonable latitude should be allowed the defensive pleader to assert matters which have a bearing upon the discretion of the Chancellor and yet may not be strictly in bar of the action.
On the subject of striking answers in equity, the Supreme Court of Florida in Petersohn v. Keech, Fla.1949, 39 So.2d 714, 715, had this to say:
“ * * * an answer will, avail a defendant only so far as in equity it should, and it is error to strike matter relevant and pertinent to the equities though it would affect equities only to the extent of assessments of costs, the test being not whether the answer states a defense but whether matter is relevant or material.”
To the same effect see: Westervelt v. Istokpoga Consolidated Subdrainage District, 1948, 160 Fla. 535, 35 So.2d 641; and Schupler v. Eastern Mortgage Co., 1948, 160 Fla. 72, 33 So.2d 586.
Appellee would have us dismiss this appeal because the notice thereof was not filed within 60 days of the entry of the final decree as .required by the Supreme Court rules. This proposition is based on the theory that the Court’s order of July 7, 1959 was a final decree, and not interlocutory in character, despite the formal final decree which was entered on July 10, 1959.
By the order of July 7 the Chancellor struck the answer and counterclaim, ordered the complaint taken as confessed and that decree be entered in favor of the appellee in accordance with the prayer of the amended complaint, and counsel for appellee was directed to prepare and submit a final decree for entry, in accordance with such order.
The amended complaint prayed, among other things, that appellants be required to pay to appellee all rents collected from the time the contract was breached and performance thereof failed. It is thus apparent that the question of the time of the breach of the contract and failure of performance thereof remained to be judicially determined subsequent to the order of July 7, 1959. It follows that such order was not an appealable final decree.
The usual test as to whether a decree or order is final or interlocutory is whether or not the case is disposed of, and if a question remains open for judicial determination. Alderman v. Puritan Dairy, 1940, 145 Fla. 292, 199 So. 44; Cone v. Ben *231 jamin, 1940, 142 Fla. 604, 195 So. 416; 19 Fla.Jur., Judgments and Decrees, Sections 258, 259, and other cases therein cited.
Upon return of this case to the trial court, the Chancellor should first dispose of the motion to dismiss the amended complaint. If the motion is denied, the Chancellor of his own volition may then strike from the answer and counterclaim in question “any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter” under rule 1.11(f), or he may order the appellants to amend their answer and counterclaim, with directions. Failure of appellants to comply with such order would fully justify summary action on the part of the Chancellor. Of course, if it becomes appropriate the appellee should be allowed to reply to the counterclaim.
Reversed for further proceedings in line with this opinion.
SHANNON, C. J., and KANNER, J., concur.