LOPEZ, AQUILINO, Jr., Associate Judge.
This is an interlocutory appeal from an order of modification entered on September 15, 1967, which order modified the provisions of a final decree of divorce.
The final decree of divorce was entered on November 13, 1963 and the wife was granted custody of their minor child, and the defendant was ordered to pay alimony in the sum of $600.00 per month and child support of $200.00 per month. In addition, the wife was allowed the use of the home of the parties, which was owned by the defendant, as long as she should remain unmarried. The husband was also required to pay certain other expenses set forth in the decree, and to pay doctor’s and hospitalization expenses which might be incurred should the minor child of the parties become seriously ill.
The plaintiff took an appeal from the final decree, which appeal was dismissed on May 1, 1964. Alterman v. Alterman, Fla.App.1964, 163 So.2d 803. Subsequently, on July 4, 1964 the plaintiff-wife filed her petition for modification, seeking an increase in child support and also asked, ore tenus, for an order requiring the husband to pay summer camp expenses and *473 tuition in a private school. The court entered its order denying the prayer for the payment of summer camp expenses and tuition in the private school. The plaintiff took an interlocutory appeal from this order, but the order was affirmed. Alterman v. Alterman, Fla.App. 1965, 170 So.2d 617.
On June 13, 1967, the plaintiff-wife filed another petition for modification of the final decree, the order on which is the subject matter of this appeal. In this petition, she prayed for an increase in the child support payments and the alimony payments, together with an order requiring the defendant to reimburse her for the funds previously spent by her in connection with the private schooling for the minor child and for various other expenses. . On September 15, 1967, the court entered an order of modification which provided that private schooling at the McGlannan School was necessary due to dyslexia, and ordered that the husband pay the tuition at the school for the current year in the amount of $1,892.50. This portion of the order is not questioned in this appeal. In addition, the court ordered that the husband pay as reimbursement to the wife $1,892.50 paid by her to the McGlannan School for the year 1965-1966, and pay to the McGlan-nan School direct $1,892.50 for the year 1966-1967. The order also increased the child support payments from $200.00 per month to $400.00 per month, and ordered the payment of some medical bills incurred and other items.
The defendant-husband in this appeal attacks the order of the court requiring him to pay tuition for two prior years as being a retroactive modification of the decree, the increase in child support, and the requirement that all doctor bills be paid as set forth in the order. The issue of the need for special schooling for the child, because of his condition of dyslexia, up to the time of the filing of the new petition for modification was taken care of by the order entered denying the need on the petition filed July 4, 1964, which was affirmed by this court. Hence, the matter of paying for schooling for the year 1965— 1966 and the year 1966-1967 would amount to a retroactive modification and, on a petition for modification in a case such as this, the court can only make the modification retroactive to the date of the filing of the petition. Therefore, this part of the order, ordering the defendant-husband to pay for schooling for the years 1965-1966 and 1966-1967, is reversed. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205; Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762; McArthur v. McArthur, Fla.1958, 106 So.2d 73.
The chancellor of the trial court did not abuse his discretion in the entry of the balance of the order, and there was competent substantial evidence in the record to sustain the amounts awarded. Hence, the balance of the order should not be disturbed.
Reversed in part and affirmed in part.