274 So.2d 891 (1973)
Harold Eugene HURST, Appellant,
v.
Bobbie Jean HAMPTON, Formerly Bobbie Jean Hurst, Appellee.
No. 71-827.
District Court of Appeal of Florida, Fourth District.
March 16, 1973.
Rehearing Denied April 10, 1973.
Lionel H. Silberman, Orlando, for appellant.
WALDEN, Judge.
Post divorce the mother applied and received judgment against the former husband for more than $9,000 in child support arrearages. The husband's affirmative defense that his former wife had abandoned the children for a number of years was *892 stricken and not considered. The husband appeals. We reverse.
We opine that the defense as pleaded was not frivolous, sham or otherwise subject to the summary treatment of being stricken. See Rule 1.140(f) and 1.150, F.R.C.P., 30 F.S.A.; Pentecostal Holiness Church, Inc. v. Mauney, Fla.App. 1972, 270 So.2d 762; Westervelt v. Istokpoga Consol. Subdrainage Dist., 1948, 160 Fla. 535, 35 So.2d 641. We feel that at the least the husband was entitled to develop his proofs of this defense for a judicial evaluation as to the merits.
On the one hand, this may be a case where the wife's rights have become absolutely vested as to past due installments in such fashion as to permit the husband no relief. See Pottinger v. Pottinger, 1938, 133 Fla. 442, 182 So. 762; Petrucci v. Petrucci, Fla.App. 1971, 252 So.2d 867; Boyle v. Boyle, Fla.App. 1967, 194 So.2d 64; Morrison v. Morrison, Fla.App. 1960, 122 So.2d 199.
On the other hand, there may be such extraordinary facts constituting an avoidance such as laches or estoppel as would permit consideration of the circumstances suggested by the husband. See Brown v. Brown, Fla.App. 1959, 108 So.2d 492; Mason v. Mason, 1934, 148 Or. 34, 34 P.2d 328. See also Warrick v. Hender, Fla.App. 1967, 198 So.2d 348; Annot. 2 A.L.R.2d 831 (1948).
Of course, we are always cognizant that orderly procedure would require, if a person wishes relief, that the change in circumstances be brought promptly to the trial court's attention for evaluation and appropriate modification of the judgment. Section 61.14, F.S. 1971, F.S.A.
We merely say that the adjudication of the defense was premature. We express no opinion as to the correct ultimate outcome of the matter.
We reverse and remand for further perceedings consistent herewith.
Reversed and remanded.
REED, C.J., and MAGER, J., concur.