OWEN, Chief Judge.
In this suit for dissolution of marriage, a final judgment was entered September 13, 1972 requiring the husband to pay $1,700 per month to the wife as periodic alimony and child support; there was no allocation made at that time but the court did expressly reserve jurisdiction “to apportion the alimony and child support on motion of either party”. Some eighteen months later, the wife filed a motion to apportion the alimony and child support and in due course the court entered the order which is now appealed, making the apportionment retroactive to the date of the final judgment.
Appellant/husband contends that it was error to make the apportionment between alimony and child support retroactive to a time prior to the filing of the wife’s motion. While the motion to apportion could have been made at any time, it is clear that until such time as an apportionment was made appellant enjoyed the benefit of claiming the entire payment as a deduction on his federal income tax return. In this sense, it could be said that he had a vested interest until the apportionment became effective. Thus, we believe the rationale expressed by the Supreme Court of Florida in the case of McArthur v. McArthur, Fla.1958, 106 So.2d 73, is applicable to this situation and we therefore hold that the apportionment order should not have been made retroactive to any date earlier than the filing of the wife’s motion for apportionment. See also: Alterman v. Alterman, Fla.App. 1968, 208 So.2d 472.
No question is raised on this appeal as to the apportionment per se. The order appealed is therefore modified to make the same retroactive to March 23, 1974, the date of filing of the wife’s motion for apportionment, and as thus modified, is affirmed.
Affirmed, as modified.
CROSS and DOWNEY, JJ„ concur.