502 So.2d 518 (1987)
Linda F. KOLB (Wildermuth), Appellant,
v.
Dewey Ronald KOLB, Appellee.
No. BN-31.
District Court of Appeal of Florida, First District.
February 17, 1987.
Dale E. Rice, Crestview, for appellant.
Dewey Ronald Kolb, pro se.
WENTWORTH, Judge.
Appellant, a former wife having custody of three minor children, appeals an order finding that appellee, the former husband and father, "is entitled to credit against child support otherwise payable during the time frame that one of the children was living with him" (e.s.). Because the order may be read as one erroneously effecting cancellation of accrued child support payments due under prior order, based solely on temporary residence of the child, we reverse and remand for reconsideration and entry of a new order.
Appellant asserts that if appellee were not entitled to credit for that period of time "the correct arrearage amount would have admittedly been $887.16, as alleged in appellant's motion for contempt." This alleged admission as to the amount of support *519 owed is not referenced in the order. Although appellant also asserts that the appellee placed into evidence an exhibit which reflects the amounts that he paid for the time in question, this exhibit does not provide the specifics of the credits in question.
Appellant presents no record of the testimony in this case,[1] and we are unable to determine with certainty either from the orders or documentary exhibits before us that the circumstances of this case are analogous to those in Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984), cited by appellant. The court there concluded that a setoff for child support was improper for the period of time in which the parties' son lived with the father and that "absent compelling circumstances the trial court lacks the authority to retrospectively cancel or reduce past due child support payments."
We agree, however, with the referenced authority and, for reasons above stated, reverse with directions for entry of an order consistent with that principle.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] a sufficient record, the appellate court may not properly consider the [factual] points on appeal and must affirm... .' Steinhauer v. Steinhauer, 336 So.2d 665, 666 (Fla. 4th DCA 1976); Haller v. Santona Land Corp., 275 So.2d 591 (Fla. 1st DCA 1973); Starks v. Starks, 423 So.2d 452, 453 (Fla. 1st DCA 1983).
Wing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985), Wentworth, J., concurring specially.