515 So.2d 405 (1987)
Linda F. RAGAN, Formerly Linda F. Thomas, Appellant,
v.
Willie I. THOMAS, Appellee.
No. BQ-259.
District Court of Appeal of Florida, First District.
November 17, 1987.
*406 Lester Makofka, Jacksonville, for appellant.
Kenneth Vickers of Vickers & Andrews, Jacksonville, for appellee.
JOANOS, Judge.
The former wife appeals an order wherein it appears the trial court awarded the former husband a credit in the form of previously paid child support to offset his obligation to pay their child's medical bills. We reverse.
The parties were divorced on December 21, 1977. The modified final judgment of dissolution held that each party should be responsible for one-half of the dental and medical expenses of the minor children which are not covered by insurance. Also, the former husband was required to contribute $125 per month per child as a contribution toward the support of the two children who were in the custody of appellant. Michael, one of the children who was residing with appellant, was committed to a drug rehabilitation clinic for 14 months. After leaving the clinic Michael then went to live with his uncle.
Appellee filed a motion to terminate child support alleging that Michael, who was 17 years old, no longer resided with appellant, and that he was employed and self-supporting. On April 2, 1986, appellant filed a motion for contempt alleging that her former husband failed to pay any sums towards the children's medical bills. The trial court entered a supplemental order on appellant's motion for contempt in which the trial judge found that the former husband was in arrears for payment of his share of the medical bills for the minor children in the amount of $2,127.90. The court awarded the former husband a credit toward the sum of $1,750 for child support paid for Michael while this child lived in a drug and alcohol abuse residential treatment facility. Therefore, appellee was only ordered to pay $377.90 of the $2,127.90 of his share of the children's medical expenses. Also the court granted appellee's motion to terminate child support for Michael.
Appellant moved for a rehearing which was denied by the trial court. The court rejected the former wife's argument that past due medical bills, like child support payments, constitute vested property rights which are not subject to modification. The trial court determined that it had the authority as part of its general equitable powers to grant a set-off against the former husband's obligation for medical bills. The court further found that while the minor child was in the treatment facility it would be inequitable for the former husband to have paid appellant child support and then in addition assess against him one-half of the child's medical expenses.
We find the record before us to be incomplete, and therefore it cannot be reasonably reviewed. There are no transcripts of hearings held, and no "Directions to the Clerk" to ascertain what was supposed to be before this court. The exhibits presented here encompass months of treatment facility bills, which do not reveal how much of the costs were covered by the parties' insurance, and more importantly, what comprised the $2,127.90 in "medical bills" that appellant asserts is owed her by former husband. In his order, the trial judge also did not explain what items were covered by this figure, commented briefly that appellant's expenses regarding Michael during this time period were only incidental, and found that it was equitable to credit appellee with the amount of child support he paid to appellant while Michael resided in the residential treatment facility.
Recently, when presented with a challenge to a court ordered credit against child support, this court reversed a trial *407 court order and remanded for reconsideration and entry of a new order, "[b]ecause the order may be read as one erroneously effecting cancellation of accrued child support payments due under prior order, based solely on temporary residence of the child ..." Kolb v. Kolb, 502 So.2d 518 (Fla. 1st DCA 1987). Here, in its order the trial court stated "the husband is given a credit toward said sum of $1,750 for child support paid ..." This "credit" has the appearance of retroactively modifying appellant's previous award of child support and if that is the situation it constitutes error. Such an interpretation violates the legal principle that as child support payments accrue they constitute vested property rights which are not subject to modification. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).
Here as in Kolb, supra, appellant presented no record of testimony and the exhibits did not provide the specifics concerning the credit in question. 502 So.2d at 519. Although Kolb may be factually distinguished as involving a credit against child support otherwise payable during the time frame that the child was living with the father, (unlike here where the credit offset appellee's medical bills obligation based on child support previously paid when the child resided in a treatment facility), we find that our rationale for reversing the trial court in Kolb applies to the instant case. Accordingly, we reverse with directions for reconsideration and for entry of an order consistent with this opinion.
SMITH, C.J., and WENTWORTH, J., concur.