Mr. Michael S. Mullin Nassau County Attorney Post Office Box 1010 Fernandina Beach, Florida 32035-1010
Dear Mr. Mullin:
You ask on behalf of the clerk of the circuit court of Nassau County substantially the following question:
Are the final judgments for unpaid child support payments provided in section 61.14(6), Florida Statutes, to be recorded?
In sum:
Final judgments for unpaid child support payments provided in section 61.14(6), Florida Statutes, are to be recorded.
Section 61.14(6), Florida Statutes, sets forth procedures for the establishment of a final judgment regarding delinquent child support payments. According to your letter, several clerks of court have been reluctant to record these judgments in light of due process concerns.
The clerk of the circuit court is the county recorder of all instruments that he or she may be required or authorized by law to record.[1] All such instruments are required to be recorded in one general series of books called the "Official Records."[2] Section28.29, Florida Statutes, requires the clerk to record in the official records "[o]rders of dismissal and final judgments of the courts in civil actions." Other orders shall be recorded only on the written direction of the court. This office has, for example, stated that a final judgment of adoption is required to be recorded in the official records by a clerk of the circuit court.[3]
Section 61.14, Florida Statutes, relates to the enforcement and modification of support, maintenance, or alimony agreements or orders in connection with proceedings for the dissolution of marriage or separate maintenance. Subsection (6) of the statute provides:
1. When support payments are made through the local depository, any payment or installment of support which becomes due and is unpaid under any support order is delinquent; and this unpaid payment or installment, and all other costs and fees herein provided for, become, after notice to the obligor and the time for response as set forth in this subsection, a final judgment by operation of law, which has the full force, effect, and attributes of a judgment entered by a court in this state for which execution may issue.
2. A certified copy of the support order and a certified statement by the local depository evidencing a delinquency in support payments constitute evidence of the final judgment under this paragraph.
3. The judgment under this paragraph is a final judgment as to any unpaid payment or installment of support which has accrued up to the time either party files a motion with the court to alter or modify the support order, and such judgment may not be modified by the court. The court may modify such judgment as to any unpaid payment or installment of support which accrues after the date of the filing of the motion to alter or modify the support order. This subparagraph does not prohibit the court from providing relief from the judgment pursuant to Florida Rule of Civil Procedure 1.540.
Section 61.14(6)(b) and (c), Florida Statutes, prescribes the notice given an obligor delinquent in making payments and authorizes such obligor, within 15 days of receiving notice, to file with the court a motion to contest the impending judgment. The court must hear the motion within 15 days of filing and if the motion is denied, the delinquent amount and such other amounts that become due, together with costs and a $5 fee, become a final judgment by operation of law against the obligor.[4] If the obligor fails to file a motion contesting the impending judgment within the time limit or fails to pay such amount, it becomes a final judgment by operation of law against the obligor at the expiration of the time for filing a motion to contest the impending judgment.[5]
In State ex rel. Pittman v. Stanjeski,[6] the Supreme Court of Florida considered the constitutionality of section 61.14(5), Florida Statutes 1987 [now section 61.14(6)]. The statute required, as it does now, that the clerk provide notice if payment is delinquent and that the delinquency amount become a judgment by operation of law. Finding no due process violation when certified mail was used to give notice and the obligor had been served personally in the original proceedings and was directed to provide the clerk with his mailing address and any subsequent changes to that address, the Court stated:
We interpret the provision allowing for the filing of a response to necessarily include an opportunity for a hearing, and we find that the hearing should be before a judicial officer assigned for this type of proceeding. The clerk may mail notice of that hearing to the obligor. Further, we hold that the obligor may present equitable defenses at that hearing. To hold otherwise would deny the obligor an opportunity to be heard before entry of a judgment and thus would violate the access to the courts provision of the Florida Constitution and the due process clauses of both the Florida and United States constitutions.[7]
Section 61.14(5)(d), Florida Statutes 1987, provided that the judgment by operation of law constituted a final judgment as to any unpaid payment or installment of money which accrued up to the time either party made a motion to set aside or modify the order. In addition, the statute provided that the court did not have the authority to alter the final judgment for any payment of money which accrued prior to the filing of a motion. The Court construed such language as doing nothing more than codify the existing law concerning the vested rights of a custodial parent. Florida courts have recognized that unpaid support payments constitute vested property rights and the court has no power, absent certain compelling circumstances that amount to exceptions, to cancel or retrospectively reduce a decree as regards past payments.[8] As the Stanjeski Court stated, "an obligor may still assert all the equitable defenses under law in any enforcement proceeding and . . . in certain circumstances, an obligor's past due payments can be canceled. . . ."[9] The Court further recognized its continued authority to provide relief under Rule 1.540, Florida Rule of Civil Procedure.[10]
Thus, the Court concluded that under the statute the delinquent obligor had a right of access to the courts to present common law and equitable defenses before the entry of a judgment, but that a vested right exists in the payee or child for delinquent support payments. Moreover, the obligor must have an opportunity, after filing a timely response, to present defenses to a judicial officer before the entry of judgment; and in an enforcement proceeding after judgment, the obligor may present certain legal defenses.
The current provisions of section 61.14(6)3., Florida Statutes, still provide that the judgment is a final judgment for any unpaid payment that accrues up to the time either party files a motion to alter the support decree and that the court may not modify such order. The statute, however, does authorize the court to modify the judgment accruing after the date of filing and recognizes the court's authority to provide relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.
The Supreme Court of Florida has upheld the constitutionality of section 61.14, Florida Statutes. Moreover, subsequent amendments to the statute have sought to resolve some of the earlier concerns by specifically recognizing the court's authority to provide relief pursuant to Florida Rule of Civil Procedure 1.540 and providing for a hearing.[11] To the extent that the statute, consistent with the Court's opinion in State ex rel. Stanjeski, supra, provides for the entry of a final judgment, I am of the opinion that the clerk of the court is required to record such judgment.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 28.222(1), Fla. Stat. (1995).
[2] Section 28.222(2), Fla. Stat. (1995).
[3] See, Op. Att'y Gen. Fla. 83-58 (1983).
[4] See, s. 61.14(6)(d), Fla. Stat. (1995).
[5] See, s. 61.14(6)(e), Fla. Stat. (1995).
[6] 562 So.2d 673 (Fla. 1990).
[7] Id. at 679.
[8] See, Pottinger v. Pottinger, 182 So. 762 (Fla. 1938); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971) (in Florida, unpaid child support constitutes a vested right not subject to modification); Teta v. Teta, 297 So.2d 642, 645 (Fla. 1st DCA 1974); Smithwick v. Smithwick, 343 So.2d 945, 947 (Fla. 3d DCA 1977).
[9] 562 So.2d at 679.
[10] The Stanjeski Court was construing the 1987 statute but recognized that in 1988 the Legislature had amended s. 61.14 to specifically acknowledge the courts' authority under Fla. R. Civ. P. 1.540.
[11] This office must presume the constitutionality of any duly enacted statute. See generally, Pickerill v. Schott,55 So.2d 716, 719 (Fla. 1951) (duty of beverage director to observe the law as he found it until in a proper proceeding its constitutionality is judicially passed upon).