NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KATY BACHMAN,                          )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D15-2796
                                       )
MICHAEL McLINN,                        )
                                       )
            Appellee.                  )
_____)

Opinion filed July 20, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
John S. Carlin, Judge.

Matthew S. Toll and Stephen N. McGuire,
II, of Toll Law, Cape Coral, for Appellant.

Renee Binns of Binns Family Law
Associates, P.A., Cape Coral, for Appellee.


MORRIS, Judge.

            Katy Bachman, the former wife, appeals an order granting child support

relief to Michael McLinn, the former husband.  We reverse the portion of the order

granting the former husband retroactive relief for child care costs.

            The parties were married for twenty-five years before their marriage was

dissolved in December 2005.  The parties' only child was eight years old at the time of

the divorce. In 2007, the parties filed petitions to modify the final judgment, and the former husband's petition was granted. This court reversed and remanded with instructions to enter judgment in favor of the former wife. Bachman v. McLinn, 65 So. 3d 71, 75 (Fla. 2d DCA 2011). It is not clear from the limited record in this appeal, but it appears that on remand from that appeal, the trial court entered an amended supplemental judgment in favor of the former wife in August or September 2011.

In June 2012, the former husband filed a supplemental petition for modification of child support, claiming that he was entitled to a retroactive reduction in child support because $61.88 in monthly child care costs had not been incurred since April 2009. In September 2012, the former husband also filed a motion for relief, seeking credits against his child support arrears for the child care costs that had not been incurred since April 2009. On June 2, 2015, the trial court entered an order granting the former husband's motion for relief and crediting the former husband with "$61.88 per month from March of 2010 as child care which [f]ormer [w]ife did not incur."[1]

On appeal, we find merit only in the former wife's claim that the trial court erred in crediting the former husband $61.88 per month in child care costs retroactive to March 2010. The former husband filed his supplemental petition seeking this relief in June 2012. Therefore, the trial court erred in granting relief for child care costs retroactive to March 2010. See § 61.14(1)(a), Fla. Stat. (2011) ("Except as otherwise

[1]In his motion for relief, the former husband also sought credit for the number of additional overnights the child spent with him during the pendency of the first appeal. In the order on the former husband's motion for relief, the trial court credited the former husband for "the additional overnights he enjoyed with the parties' son" during the pendency of the first appeal from March 2010 through August 2011. We do not address this portion of the order because the former wife does not clearly challenge it on appeal and it is not clear from our limited record whether this ruling was proper.

provided in [section] 61.30(11)(c), the court may modify an order of support . . . by increasing or decreasing the support . . . retroactively to the date of the filing of the action or supplemental action for modification as equity requires . . . ."); Fayson v. Fayson, 482 So. 2d 523, 525 (Fla. 5th DCA 1986) ("A trial court can only modify support payments *prospectively* from the time a petition for modification is filed." (first citing Benson v. Benson, 369 So. 2d 99 (Fla. 5th DCA 1979); and then citing Alterman v. Alterman, 208 So. 2d 472 (Fla. 3d DCA 1968))). Accordingly, we reverse the portion of the order on appeal relating to child care costs and remand for the trial court to credit the former husband for such costs retroactive to June 2012.

We note that on the same day the trial court entered the order on appeal, June 2, 2015, the trial court also entered a supplemental judgment on the former husband's petition, crediting the former husband for the child care costs from June 2012 forward. This was proper, and the former wife does not appeal this supplemental final judgment. In addition, the former wife and the former husband both represent on appeal that the parties entered into an agreement acknowledging that the trial court "erroneously credited [f]ormer [h]usband for child care costs from March 2010 through May 2012" and that the former husband "is not procedurally entitled to the credit from March of 2010 through May of 2012." Accordingly, our decision is consistent with the trial court's supplemental final judgment as well as the concession by the former husband that the relief he received on this matter should be retroactive only to June 2012.

Affirmed in part, reversed in part, and remanded.

BLACK and BADALAMENTI, JJ., Concur.