HOBSON, Justice.
This is an appeal from a final decree of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, dated May 19, 1952. It is contended by appellant that the learned Chancellor erred in granting a decree of divorce in favor of the appellee and in setting aside an order entered May 28, 1951, which, so it'is argued, *29 was a final judgment. This order which appellant insists is a final judgment reads as follows:
“This Cause coming on to be.heard before me and the Court having been fully advised in the premises, and it appearing to the Court that the plaintiff is in default to the defendant in payments theretofore ordered by this Court under the terms of an Order dated October 27, 1950, in the amount of $840.00, and it appearing that the plaintiff has made no effort to pay the same, it is thereupon
Ordered, Adjudged and Decreed that the defendant herein Ruth Elizabeth Young, do recover of and from the plaintiff herein, Franklin K. Young, the sum of $840.00, representing payments in arrears through May 25, 1951.
“Done and Ordered this 28th day of May A.D. 1951.
/s/ J. N. Morris, Circuit Judge.”
In connection with appellant’s contention that the evidence was hot sufficient to justify the entry of the divorce decree, we are constrained to the view, arid must hold, that there- is in the transcript of testimony competent substantial evidence which sustains the finding of the Chancellor that the ap-pellee was entitled to a decree of divorce.
The contention is made that the order of May 28, 1951, was a final judgment for the payment of money and that since no appeal was taken therefrom within 60 days from and after the entry thereof the judgment became absolute and that the Chancellor was without jurisdiction thereafter to set it aside.
Counsel for appellant asserts unequivocally that the order bearing date of May 28, 1951, was not an interlocutory order but was a final judgment. He states “There is nothing whatever in that judgment to suggest that it is an interlocutory decree or that it might be subject to modification or revocation, or that a final decree had not yet been entered.”- We cannot agree with this- contention for several reasons. In the first place, the so-called final judgment shows on its face that it-was entered upon the default of appellee to make payments to appellant as ordered by the Chancellor “under the terms of an order dated October -27, 1950” and an inspection of the latter order would have put anyone on notice that this was a divorce suit and that the “judgment” of May 28, 1951, was for the arrears in the payment of temporary alimony if, indeed, the order of May 28, 1951, was insufficient in and of itself to put one on notice that the proceedings in which said order was made had not terminated but remained in fieri.
Moreover, the order of May 28, 1951, cannot be said to be a final judgment when in fact it was but an order — a step— in the cause. The actual litigation was a divorce suit brought by appellee against appellant and until the entry of final decree in that suit there could be no final judgment because the Chancellor, until after the entry of final decree, had the power to set aside or modify any grant of temporary alimony. We are at a loss to understand why the Chancellor entered the order of May 28, 1951, in the form in which it is .written but we cannot, regardless of the form of this order, hold that it is in truth and in fact a ■final judgment. The suit was still pending when the order of May 28, 1951, was entered and until a final decree in any divorce case is entered the court does not lose jurisdiction to change, modify or set aside any order for temporary alimony or support, regardless of its form.
Counsel for appellant argues that the, subject order is the “type of a final judgment which was entitled to full faith and credit in any state in the United States.”
We doubt the correctness of his position but need not, and do not, decide the point for the obvious reason that upon this appeal the question of full faith and credit cannot possibly be involved. Counsel is unduly apprehensive when he suggests that if we reject his contention the courts of other states would be obliged to go behind every judgment entered by a Florida court to determine whether some other judgment or decree was entered on a later date and whether this latter judgment or decree revoked or modified the “Judgment.” We might sug *30 gest in passing that every so-called final judgment which makes reference to default in payments under an order of a prior date might well be sufficient to put the courts of other states on notice that in truth and in fact the judicial labor was not at an end, hence the order sought to be enforced in the foreign jurisdiction was not a final judgment.
Finally, we make the observation that no rights -of third parties intervened between the entry of the order of May 28, 1951, and the final decree of May 19, 1952, in and by which the prior order was set aside.
Affirmed.
ROBERTS, C. J., and TERRELL and SÉBRING, JJ., concur.