SWANN, Judge.
The husband, David Moliver, appeals from a final decree of divorce entered for his wife, Sylvia Moliver, appellee.
The record shows that a temporary order was entered by the chancellor, awarding to the wife the sum of One Hundred Fifty Dollars per week and requiring the husband to pay the taxes, insurance, medical expenses and clothing costs for his wife and children. Thereafter, a second temporary order was entered which continued the order recited above in full force and effect, except that it restrained the wife from purchasing any items or incurring any further indebtedness on charge accounts or otherwise chargeable to the husband, unless the husband’s written approval had been obtained. This temporary order was to continue until further order of the court.
Apparently, neither party fully complied with these orders. After a final evidentia-ry hearing, the court entered the final decree herein appealed.
The husband complains that the court was without jurisdiction to modify its first temporary alimony award. An order allowing temporary alimony is interlocutory in character and, like any other interlocutory order made during the progress of a cause remains within the control of the court at least until entry of the final decree. Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1927). We find no error in this point.
The husband claims reversible error was committed by the entry and rendition of a final judgment against him in favor of the wife for the sum of Two Thousand Sixty-Six and 85/100 Dollars ($2,066.85). The record reflects that the husband admitted in his petition for rehearing that he was delinquent in the payments required under the orders of the court in the amount of Thirteen Hundred Twenty-Five Dollars ($1325.00). The husband asserts, however, that there was not sufficient competent evidence to establish or sustain on appeal the final judgment for Two Thousand Sixty-Six and 85/100 Dollars ($2,066.85).
The record shows testimony and exhibits submitted by the wife, claiming an amount .in excess of Two Thousand Sixty-Six and *615 85/100 Dollars ($2,066.85) allegedly owed to her by the husband for various items which she claims she was obligated to pay. The husband testified that he had paid some of these various items, but admittedly he had not paid all of them. There was no supporting evidence to corroborate payments of many of these items and the only evidence before the chancellor was the testimony of the husband concerning their payment.
The parties were personally before the chancellor and he had an opportunity to observe their demeanor, weigh their veracity, and judge their credibility. It was in his province to believe or disbelieve the testimony of the parties concerning their uncorroborated statements in regard to the payment of many of the items involved herein.
The correctness of the amount of the judgment was brought to the attention of the chancellor a second time by the husband’s petition for rehearing, at which time he again reviewed the conflicting evidence and expressly determined that the final judgment contained no duplication of any of the various items in dispute, and, for the second time, he decided that the amount of the final judgment was proper.
We find, therefore, that there was competent substantial evidence in the record to sustain the amount of the final judgment against the husband and that the husband has not clearly demonstrated reversible error in the record on appeal on this point.
The husband also contends that the chancellor abused his discretion in requiring him to pay the sum of Fifty-Five Hundred Dollars ($5500.00) to the attorney for the wife. The record reflects, however, that the husband was given credit in the amount of Fifteen Hundred Dollars ($1500.00) previously paid by the wife to her attorney, so that the total amount of the fee for which the husband is obligated is in the sum of Four Thousand Dollars ($4,000.00). There is no showing in the record that this fee is unreasonable or that the chancellor abused his discretion in awarding the same. Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70, 72 A.L.R.2d 1189.
The appellant’s other points on appeal have been considered and are found to be without merit.
The final decree herein appealed is therefore
Affirmed.