PER CURIAM.
This is an interlocutory appeal by Anne Burton, the plaintiff in the trial court. In 1966 she filed a complaint against her husband, Max C. Burton, the appellee here. The complaint sought alimony unconnected with divorce under F.S.1965, Section 65.09, F.S.A. As a result of various interlocutory hearings, the trial court ordered the defendant to pay his wife the sum of $73.00 per week as temporary alimony and certain expenses in connection with a jointly owned home in New Jersey. Consequent upon defendant’s default in the payment of the temporary alimony, the plaintiff sought to enforce payment by a contempt proceeding.
In response to an order to show cause why he should not be held in contempt, the defendant filed an answer asserting his complete inability to pay the amounts theretofore ordered for temporary alimony. A hearing was held on the show cause order on 29 February 1968. As a result of that hearing the trial court entered its order on 5 March superseded by its order of 7 March 1968, which reduced prospectively the temporary alimony to $50.00 per week. The trial court also ordered the plaintiff to join in a mortgage of the jointly held property in the State of New Jersey, if she was requested to do so by the defendant *482 and if such was necessary to enable the defendant to raise funds to pay $584.00 arrearage in temporary alimony and an arrearage of $500.12 which the defendant had previously been ordered to pay to the plaintiff as suit money. The plaintiff has filed an interlocutory appeal from such order.
Plaintiff raises two points for our consideration. The first is whether or not the trial court abused its discretion by reducing the temporary alimony to $50.00 per week when the defendant was in contempt by reason of his failure to pay the temporary alimony required by previous orders. The second point is whether or not the trial court had jurisdiction to order the plaintiff to join in a mortgage of the jointly held real property in New Jersey.
The trial court has the power to relieve a party in default from the payment of all accrued installments of temporary alimony. Duss v. Duss, 1926, 92 Fla. 1081, 111 So. 382; Young v. Young, Fla. 1953, 65 So.2d 28. It follows that the trial court also had power to order a reduction prospectively of temporary alimony, even though the defendant was in default at the time such reduction was ordered. In Duss v. Duss the court stated at page 384 of its opinion:
“ * * * Where a husband seeks relief from a former interlocutory order allowing temporary alimony, the fact that he is in default in, or resists, payment of so much thereof as has accrued and is past due does not affect the power of the court to modify its former order, nor does such fact necessarily require the court to refuse a reduction otherwise proper * * * but the circumstances just mentioned may justify a refusal of the reduction * * (Emphasis added.)
It thus appears that the trial court had it within its discretion to reduce the payments of temporary alimony even though the defendant was in arrears at the time of the reduction. The plaintiff has failed to make apparent any abuse of discretion in the trial court’s order reducing the temporary alimony.
The appellant also argues that it was improper for the trial court to reduce the amount of the temporary alimony when the hearing which gave rise to the order reducing the alimony was on the rule to show cause. The plaintiff’s appendix does not provide us with a copy of the rule to show cause; however, the record before us does contain a copy of the defendant’s answer to the rule to show cause. We are of the opinion that the allegations in the answer setting forth the inability of the defendant to meet the alimony payments sufficiently gave the plaintiff notice that the power of the court to reduce prospectively the alimony payments might be invoked at the hearing on the rule to show cause. We therefore affirm that portion of the order reducing the temporary alimony to $50.00 per week.
With respect to plaintiff’s contention that the trial court did not have the authority to require her to join in the mortgage of the jointly held real property in New Jersey, we agree with such contention on the authority of Clawson v. Clawson, Fla.1951, 54 So.2d 161; Bredin v. Bredin, Fla.1956, 89 So.2d 353; Naurison v. Naurison, Fla.App.1959, 108 So.2d 510; Zakutney v. Zakutney, Fla.App.1963, 151 So.2d 299; and, Mosley v. Mosley, Fla.App. 1963, 153 So.2d 328. Accordingly, we reverse that portion of the order requiring plaintiff to join in a mortgage of the jointly held real property in New Jersey.
Affirmed in part and reversed in part.
WALDEN, C. J., and OWEN, J., concur.
REED, J., concurs, in part, and dissents, in part.