605 So.2d 130 (1992)
Rosemary ALLISON, Appellant/Cross Appellee,
v.
John R. ALLISON, Appellee/Cross Appellant.
Nos. 91-2416, 91-3462.
District Court of Appeal of Florida, Fourth District.
August 26, 1992.
Rehearing and Rehearing Denied October 21, 1992.
*131 Maurice Jay Kutner and Carolyn W. West of Maurice Jay Kutner, P.A., Miami, for appellant/cross appellee.
John R. Allison, III, pro se.
Rehearing and Rehearing En Banc Denied October 21, 1992.
GUNTHER, Judge.
The appellant/cross appellee, Rosemary Allison (wife), and the appellee/cross appellant, John Allison (husband), appeal the trial court's final judgment of dissolution of marriage. We affirm in all respects, except we reverse the following trial court rulings and remand for further consideration.
Although the trial court did not abuse its discretion in awarding the husband an amount equal to one-half of the $38,000.00 certificate of deposit, the trial court did err in computing the husband's one-half interest at $16,500.00 rather than $19,000.00. Both parties agree that the husband's interest in the certificate of deposit should be credited "against the assets," instead of subtracted from the husband's final alimony payments to the wife. Thus, on remand, the trial court should modify the final judgment to reflect this change.
The wife argues that the trial court erred in retroactively modifying the husband's temporary alimony arrearage from $7,500.00 to $3,500.00. According to Moliver v. Moliver, 200 So.2d 613, 614 (Fla. 3d DCA 1967), a trial court can modify a temporary alimony award before final judgment is entered. In the instant case, however, it is unclear how the trial court calculated the deduction. Therefore, we remand to the trial court with instructions to clarify its order modifying the temporary alimony arrearage.
*132 With respect to the wife's award of attorney's fees, we agree that the trial court erred in the amount awarded for the services her attorney's associate rendered. The trial court's findings for the associate's fees are considerably less than either the wife's or the husband's expert testimony on the issue. Because the evidence established the minimum reasonable attorney's fee at an amount greater than what the trial court actually awarded, we reverse and remand to the trial court with instructions to reevaluate the evidence or provide an explanation for its findings. See Hoopes v. Hoopes, 525 So.2d 1015, 1016 (Fla. 4th DCA 1988).
We also agree with the wife's contention that the trial court erred in reducing her attorney's fee award, after the final judgment of dissolution was entered. The trial court reduced the fee award by $5,225.00, which represented one-half the value of a marital asset she had spent to hire her prior counsel. This was error. Generally, if a trial court has not specifically reserved jurisdiction, it has no authority to decide property rights not previously settled by a final judgment. Brandt v. Brandt, 525 So.2d 1017, 1019 (Fla. 4th DCA 1988). As the wife correctly contends, the final judgment did not dispose of the marital asset (a $10,450.00 joint certificate of deposit) nor did the trial court reserve jurisdiction to do so. Thus, the trial court lacked jurisdiction to reopen the equitable distribution of the marital assets by "crediting" the wife with having previously received the husband's one-half interest in the marital asset. Consequently, the trial court erred in subtracting $5,225.00 from the attorney's fee award, and on remand, the trial court is instructed to amend its order accordingly.
In conclusion, we affirm in all respects, except we reverse the following trial court rulings and remand for further consideration pursuant to this opinion. We reverse the trial court's award of $16,500.00 to the husband and the ruling that the $16,500.00 was to be subtracted from the husband's final alimony payments to the wife. Although we affirm the modification of the husband's temporary alimony arrearage, we reverse the amount deducted and remand with instructions to clarify the amount of the deduction modifying the arrearage. The wife's award of attorney's fees is reversed, and the cause is remanded to the trial court to amend the award in accordance with this opinion.
AFFIRMED IN PART AND REVERSED IN PART.
DELL, J., and ALDERMAN, JAMES E., Senior Justice, concur.