612 So.2d 703 (1993)
Myrna WALDMAN, Appellant,
v.
Irving WALDMAN, Appellee.
No. 91-733.
District Court of Appeal of Florida, Third District.
January 26, 1993.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and John Zavertnik, Miami, for appellant.
Arnold Nevins, Cooper & Wolfe and Sharon Wolfe, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.

ON MOTION FOR REHEARING
NESBITT, Judge.
Mrs. Waldman appeals an order of the trial court granting her former husband, Dr. Waldman, a set off for retroactive child support arrearages against his overpayment to Mrs. Waldman of permanent periodic *704 alimony. For the reasons which follow, we affirm in part and reverse in part.
At the time of the entry of the final judgment of dissolution of marriage in 1976, the parties had been married for twenty-two years. In the original judgment, Mrs. Waldman was awarded lump sum alimony in excess of $157,000 and $4,000 per month of combined permanent periodic alimony and child support, reduced to $3,000 per month after six months, then to $2,000 per month when the last of the couple's four children attained majority. On January 5, 1983, Mrs. Waldman petitioned to modify the final judgment to provide for increased periodic alimony and child support payments, due to an alleged change in circumstances. On May 23, 1986, the trial court granted her petition for modification. The court determined that the $3,000 per month unallocated alimony and child support had been comprised of $1,000 per month child support, and $2,000 per month alimony. It ordered permanent periodic alimony increased to $5,500 per month, and support for the one remaining minor increased to $1,500 per month, both amounts to be retroactive to the date of the filing of the petition. The court also awarded Mrs. Waldman $85,000 in attorney's fees and $12,648.15 in costs.
Dr. Waldman appealed the modification order, but failed to procure a bond superceding his obligation to pay the increased amounts of alimony and child support, and commenced making those payments. He did not, however, pay the retroactive amounts of alimony and child support, as ordered by the trial court. Ultimately, this court affirmed the award of increased and retroactive child support, but reversed the increased and retroactive alimony award. This court also vacated the award of attorney's fees and ordered them recomputed. Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA), review denied, 531 So.2d 169 (Fla. 1988).
In accordance with this court's mandate, the trial court entered a final judgment vacating the modification order with respect to the enhanced and retroactive alimony but left intact the enhanced and retroactive child support. It also vacated the award of attorney's fees.
Following the order on mandate, Mrs. Waldman filed an emergency motion to enforce the award of retroactive child support, stipulated to be the sum of $22,000, and also sought attorney's fees and costs. Aware that Mrs. Waldman did not have the funds to repay him the $52,500 he had overpaid her in alimony pending appeal, Dr. Waldman responded to the emergency motion by requesting the $22,000 retroactive child support be set off against that overpayment. After an evidentiary hearing, the court ordered the $22,000 in child support arrearages as well as $12,648.15 in suit money and costs set off against the $52,500 alimony overpayment, making an allowance for the actual amount of income tax paid by Mrs. Waldman. Furthermore, the trial court ordered that any balance of Dr. Waldman's overpayment remain, at the court's discretion, a credit against future attorney's fees and costs, or such other payments which Dr. Waldman, in the future, may be ordered to pay.
Child support obligations are "vested rights of the payee and vested obligations of the payor which are not subject to retroactive modification." Onley v. Onley, 540 So.2d 880 (Fla. 3d DCA 1989) (citing Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Ragan v. Thomas, 515 So.2d 405 (Fla. 1st DCA 1987); Shufflebarger v. Shufflebarger, 460 So.2d 982 (Fla. 3d DCA 1984); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971)); see also Puglia v. Puglia, 600 So.2d 484 (Fla. 3d DCA 1992); Larger v. Diaz, 595 So.2d 1092 (Fla. 3d DCA 1992); Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988). A party may be successful in seeking set off of amounts paid against support obligations only in those limited circumstances where that party can show "compelling equitable criteria and considerations" justifying such set off. Chappell v. Chappell, 253 So.2d 281, 287 (Fla. 4th DCA 1971); Francisco v. Francisco, 505 So.2d 1102 (Fla. 2d DCA 1987); Glaeser v. Glaeser, 449 So.2d 428, 430 (Fla. 2d DCA 1984). As stated in Chappell, "child support ... is not an `ordinary *705 debt' but rather a court-imposed obligation to provide for one's child." 253 So.2d at 287 (quoting Williams v. Williams, 8 Cal. App.3d 636, 87 Cal. Rptr. 754 (1970)).
We conclude that Dr. Waldman failed to present any compelling equitable considerations warranting a set off of the vested obligation to pay his child's support. Dr. Waldman knew he was obligated to pay child support from the moment the original dissolution order was entered in 1976. He is a prosperous physician who clearly has the present ability to pay the past due amount. Mrs. Waldman did not fail to pursue her right to these funds nor did she ever indicate an intent to waive her right to the funds. In light of the strong public policy considerations encouraging the prompt payment of child support obligations, we conclude that a mathematical computation of overpayment of support obligations by the support obligor, standing alone, cannot provide the compelling equitable circumstances permitting a set off of past due support obligations. Prompt payment of all child support obligations is of great import to ensure each child's welfare and mitigate harm to the child caused by the process of legal dissolution of marriage. See § 61.001, Fla. Stat. (1991).
On the other hand, we find no abuse of discretion in the trial court's decision to set off the $12,648.15 in suit money and costs. The suit money was awarded Mrs. Waldman in an order which Dr. Waldman immediately appealed. Mrs. Waldman was fully aware that the order under which she was receiving the enhanced alimony and child support was under appeal and potentially subject to reversal. She received a total of $52,500 in alimony to which it was ultimately determined she was not entitled, and over which she had the unrestricted right to determine how the money was spent. Considering Mrs. Waldman had free reign in spending $52,500, we affirm that part of the order allowing the set off for the suit money and costs she claims she is still due. Chappell, 253 So.2d at 283 (the general test used to determine whether to allow a set off is whether the party receiving the funds had the unrestricted right to determine how they were spent).
Accordingly, we reverse that part of the order allowing the set off for child support and affirm that part of the order allowing the set off for the $12,648.15 in suit money and costs. We also affirm that part of the order recognizing the trial court's authority to allow further set offs for non-support obligations which may become due in the future from Dr. Waldman, depending on the equities existing at that time.
Affirmed in part and reversed in part.