COBB, Judge.
In this dissolution action, the wife has taken an interlocutory appeal from an order suspending the obligation of her husband to make temporary support payments.[1]
The trial court, by amended interim order dated October 19, 1994, and pursuant to the husband’s agreement, ordered that the husband pay $1,500.00 per week for the temporary maintenance of his wife and children. Just nine days later, on October 28,1994, the husband served on the wife a notice of hearing on a motion to modify the interim order. Hearing was set for November 7, 1994, but another notice of hearing was served on the wife on November 1, 1994 for a hearing set for November 2, 1994 on a number of pending motions (though not for any motion for modification).
At the November 2, 1994 hearing, the court announced that the $1,500.00 a week support was suspended until the wife was prepared to go forward with an evidentiary hearing on the issue of temporary support.
While a trial court may modify a temporary support award before entry of final judgment, Allison v. Allison, 605 So.2d 130 (Fla. 4th DCA 1992), rev. denied, 618 So.2d 208 (Fla.1993), Moliver v. Moliver, 200 So.2d 613 (Fla. 3d DCA 1967), elementary notions of procedural due process which include notice and a meaningful opportunity to be heard apply to support modification proceedings. See, e.g., State, Department of Health and Rehabilitative Services v. Colonel, 627 So.2d 1320 (Fla. 1st DCA 1993), caused dismissed, 642 So.2d 746 (Fla.1994); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986). Cf. Pefaur v. Pefaur, 626 So.2d 1025 (Fla. 3d DCA 1993).
Thus, a spouse who seeks to modify an existing temporary support award must, at least in the absence of emergency circumstances, afford the other spouse adequate advance notice of the relief sought. This includes service of an appropriate pleading seeking modification, see Hammond v. Hammond, and adequate advance notice of the scheduled hearing on said motion. See Colonel (error to effect modification of child support obligation where subject exceeded announced scope of hearing).
*675 The trial court here effected a modification of the husband’s previously agreed to temporary support obligation at a hearing which was noticed only one day earlier and the notice for which did not encompass consideration of a motion to modify. It further appears that no written pleading seeking modification was served on the wife. The order suspending the husband’s weekly support obligation is reversed and the cause remanded for reinstatement of the temporary support obligation adjudicated in the October 19, 1994 amended interim order.
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.

. See Fla.R.App.P. 9.130(a)(3)(C)(iii).