PER CURIAM.
In this appeal the appellant challenges the amount of attorney’s fees awarded as inadequate. The fees were awarded pursuant to a marital property settlement agreement which provides for fees, costs and expenses incurred for its enforcement.
This case is governed by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), modified, Standard Guaranty Insurance Company v. Quanstrom, 555 So.2d 828 (Fla.1990), wherein our supreme court set forth the applicable lodestar methodology for the determination of attorney’s fees. Under this methodology, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for the services of the prevailing party’s attorney, which produces a “lodestar”. In the instant case, the trial judge used an hourly rate without evidentiary support or explanation. See Allison v. Allison, 605 So.2d 130, 132 (Fla. 4th DCA 1992), rev. denied, 618 So.2d 208 (Fla.1993). We note that the original trial judge is no longer on the bench and we therefore are unable to provide the trial court with an opportunity to reevaluate the evidence or to explain its hourly rate finding. We therefore reverse and remand for a redetermination of attorney’s fees with instructions to conduct a new evidentiary hearing.
On remand, the court is also directed to determine and award costs as the agreement clearly provides for costs and expenses for its enforcement.
REVERSED and REMANDED for treatment consistent with this opinion.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.