692 So.2d 266 (1997)
Mark WARNER, Appellant/Cross-Appellee,
v.
Deborah Elaine WARNER, Appellee/Cross-Appellant.
No. 96-2235.
District Court of Appeal of Florida, Fifth District.
April 25, 1997.
*267 Timothy R. Askew, Jr., Sanford, for Appellant/Cross-Appellee.
Patricia L. Strowbridge of Patricia L. Strowbridge, P.A., Law Offices of Strowbridge & Newnum, Orlando, for Appellee/Cross-Appellant.
GOSHORN, Judge.
In this appeal and cross-appeal of the final judgment dissolving the marriage between Mark Warner [husband] and Deborah Warner [wife], the parties allege error in the trial court's decision on the issues of attorney's fees, imputation of income to the husband, distribution of the proceeds of an employment buy-out agreement, the husband's obligation for the children's medical expenses, child support arrearages, and interest on the payments of equitable distribution, child support arrearages and attorney's fees. For the reasons that follow, we affirm in part and reverse in part.
The parties were married in July 1975 and had two daughters, Kelly (born June 13, 1981) and Meredith (born October 27, 1987). They separated in April 1991 and divorced in June 1996. The husband's employment history is mercurial. He has been employed by a number of different advertising firms, and, in the past five years, his earned income has ranged from zero (a period of unemployment) to $80,000. At the time the dissolution judgment was entered, the husband was earning $42,000 in his own advertising firm. The wife's poor health precludes her from being employed. The Social Security Administration has declared her permanently and totally disabled and pays her disability benefits of $470 per month, plus medical coverage.
Pre-dissolution, the husband was ordered to make temporary child support payments. In May 1994, the husband became employed at an annual salary of $55,000, triggering the wife to seek upward modification of the temporary child support award. The trial court denied the wife's motion and the wife appealed to this court. See Warner v. Warner, 659 So.2d 1237 (Fla. 5th DCA 1995) (reversing the denial of the modification petition; holding that the child support guidelines applied in temporary support situations). Upon remand, the trial court set child support arrearages at $11,910.03.
Following the dissolution hearing, the trial court concluded that the husband was capable of earning $70,914, the amount of the husband's gross income for 1995, and imputed that amount to the husband for the purposes of determining alimony, child support, support arrearages, and an award of attorney's fees. Permanent alimony was set at $1.00 per month, with the court reserving jurisdiction to increase the award when and if the husband gained the ability to pay more. The husband was ordered to pay the child support arrearage at the rate of $200 monthly without interest. He was also ordered to maintain medical insurance on the children and to reimburse the wife 100 percent of all out-of-pocket medical expenses. The court found the $36,000 buy-out the husband received from his former firm, Warner, Gallaspy and Lobel [WGL], was a marital asset and ordered the husband to pay the wife $18,000 at the rate of $350 per month without interest. Finally, as to attorney's fees, the husband was ordered to pay the wife's attorney $500 per month until he had paid the full $38,000 that the court found was owed. No interest was ordered on the fee obligation.

ATTORNEY'S FEES
The only evidence with regard to the wife's attorney's fees was the wife's testimony that she lacked the ability to pay her own fees, which she placed at "about $38,000." The trial court found that the wife's attorney's fees of $38,000 were reasonable and that the wife had a need for fees and the *268 husband had the ability to pay the fees. The court made no findings as to the number of hours reasonably expended or an hourly rate. The court's failure to make those findings was error. See Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994) (holding that reversal is required where a trial court fails to make specific findings as to the reasonable number of hours expended and the reasonable hourly rate as mandated by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150-51 (Fla.1985)), disagreed with on other grounds, Kelson v. Kelson, 675 So.2d 1370 (Fla.1996); see also Sunday v. Sunday, 610 So.2d 62 (Fla. 3d DCA 1992) (entry of fee award without a determination of reasonable rate and hours expended requires remand).
Remand for the requisite findings is not appropriate here because the wife failed to bring forth any evidence to support such findings.[1]See Davis v. Davis, 613 So.2d 147 (Fla. 1st DCA 1993) (holding that while remand is appropriate where the record may contain substantial competent evidence to support findings as to the Rowe factors, reversal is required where the record is devoid of any evidence to support the award of attorney's fees); Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986) (holding that because the wife failed to present any evidence as to the legal services performed in the trial court, the wife was not entitled to a second hearing to establish attorney's fees); see also Broyles v. Broyles, 573 So.2d 357 (Fla. 5th DCA 1990) (reversing attorney's fee award where it was entered without notice to the husband and without the husband first having an opportunity to review and rebut the reasonableness of the amount claimed), review dismissed, 584 So.2d 997 (Fla.1991). Further, our disposition of this issue moots the wife's claim for interest on the attorney's fee award.
We point out that there is a difference between establishing a need for fees and establishing what a reasonable fee award should be. The latter requires evidence detailing exactly what services were performed, the hours expended, and the hourly rate so that the opposing party can challenge the fee on those bases and so that a reasonable fee can be determined. Without any evidence of those factors, there is nothing to support an actual award. The party failing to establish its attorney's fees claim is not entitled to a second opportunity to make the requisite showing. See Powell v. Barnes, 629 So.2d 185, 186 (Fla. 5th DCA 1993) (because plaintiffs failed to support their costs motion by substantial, competent evidence of the services performed and the reasonable value of those services, award of costs must be reversed without opportunity for a second bite at the evidentiary apple); Florida Power & Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987) (where plaintiffs failed to adduce sufficient evidence to support their claim for appraiser's fees, they were not entitled to a second chance), review denied sub nom. Miller v. Florida Power & Light Co., 520 So.2d 585 (Fla.1988).

IMPUTATION OF INCOME
The final judgment imputed an annual income of $70,914 to the husband for the purpose of setting alimony, child support, support arrearages, and attorney's fees. Paragraph 61.30(2)(b), Florida Statutes (1995) provides that income may be imputed to an underemployed parent
when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community....
The trial court did not make specific findings of fact concerning the husband's probable and potential earnings level, source of imputed income and actual income, and the record fails to support the imputation of income to the husband. Nothing suggests he was voluntarily underemployed or that he had been anything less than diligent in making *269 efforts to improve his financial picture. To the contrary, the record demonstrates that the husband has sought to be employed at levels equal to or better than what he held at any given time. Merely because he earned $70,000 the year prior to the dissolution hearing does not mean the husband was voluntarily underemployed when he was forced by circumstances to open his own agency. The absence of specific findings or record evidence to support the imputation of income mandates reversal. See Woodard v. Woodard, 634 So.2d 782, 783 (Fla. 5th DCA 1994) ("If the court is going to impute income not apparent from the record, it must indicate the amount and source.") (citing Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988)); see also Vaccaro v. Vaccaro, 677 So.2d 918, 923 (Fla. 5th DCA 1996) (where financial documents in record support trial court's decision to impute income to husband, court's failure to make written findings on the record does not require reversal). Because the record does not support imputation of income, there is no need to remand for findings of fact. The husband's support obligation must be recalculated commensurate with his actual earnings.

BUY-OUT AGREEMENT
Eight months after the petition for dissolution was filed, the husband's former advertising firm, WGL, agreed to pay the husband a total of $36,000 in "full and complete settlement of all issues and disputes between ... [WGL and the husband]." The stated purpose of the agreement was to "compensate [the husband] for his past creative efforts." There is no evidence that the payments were based on the husband's services after the filing of the petition for dissolution, and the husband offered no reason why this asset should be distributed other than 50/50. We agree with the trial court that the WGL payments were marital assets subject to equitable distribution and affirm the court's distribution of this marital asset.

MEDICAL EXPENSES
The husband contends, and the wife concedes, that the dissolution judgment must be modified to limit the husband's responsibility for medical expenses to only those which are "reasonable and necessary." A dollar limitation on the husband's liability is also required. See McDaniel v. McDaniel, 653 So.2d 1076, 1077 (Fla. 5th DCA 1995) (noting that "[t]his court has consistently found that an order requiring a payment of medical expenses must specify a dollar amount or total liability of the payor spouse in relation to his or her ability to provide this type of support."); Young v. Young, 600 So.2d 1140 (Fla. 5th DCA 1992) (husband's insurance obligation must be limited to a specific sum commensurate with his current level of premium expense), review denied, 613 So.2d 13 (Fla.1992); Oh v. Oh, 570 So.2d 1030 (Fla. 5th DCA 1990) ("Simply limiting the liability to `reasonable' medical bills ... does not adequately treat this issue."); Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989) (reversible error not to set monetary limit on the costs of the ordered health insurance); Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988) (trial court erred in failing to set an amount which the former husband must pay for insurance coverage).
The wife's concern regarding the fairness of limiting the husband's liability for unreimbursed medical expenses while leaving hers uncapped may be addressed by a petition for modification of the husband's limit in the event of a catastrophic illness or accident. We agree that the husband should not be absolved of responsibility for paying an equitable share of any such extraordinary expense just because a dollar limit is set for the routine medical expenditures.

CHILD SUPPORT ARREARAGE
The wife was entitled to an increase in child support only retroactive to August 22, 1994, the date on which she filed her notice to the husband that she was seeking increased support. See Wertheim v. Wertheim, 667 So.2d 331 (Fla. 1st DCA 1995) (modification can be made retroactive only to the date of the petition seeking modification and not to any date preceding that date); Fayson v. Fayson, 482 So.2d 523, 525 (Fla. 5th DCA 1986) (trial court can only modify support payments prospectively from the *270 date a petition for modification is filed). The arrearage provision must be corrected and recalculated to include amounts only from August 22,1994.

INTEREST
The trial court specifically declined to impose interest on the $18,000 the husband was to pay the wife as equitable distribution of the WGL agreement and rejected the wife's request for interest on the child support arrearage. On appeal, the wife contends interest should have been awarded on the support arrearage and on the $18,000 equitable distribution.
We agree that interest should have been awarded on the child support arrearage. See Nelson-Higdon v. Higdon, 680 So.2d 524 (Fla. 1st DCA 1996) (failure to award prejudgment interest on accrued support arrearage is error); Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992) (holding that wife was entitled to prejudgment interest on alimony and child support arrearages from the date those payments were due). Accordingly, we remand for imposition of the appropriate rates of statutory interest.
We disagree, however, that the court erred in refusing to award interest on the equitable distribution payments. The decision to award interest on such payments is a matter within a trial court's discretion. Rey v. Rey, 598 So.2d 141, 145 (Fla. 5th DCA 1992) ("The imposition of interest on payments to be made in equitable distribution is a discretionary matter with the trial court."). In Rey, this court recognized that interest payments may substantially impact the overall scheme developed by a trial court, "especially since such consumer interest might be nondeductible on the husband's federal income tax return and taxable to the wife." Id. at 146. We find no abuse of the court's discretion in refusing to award interest on the equitable distribution payments.

CONCLUSION
In summary, we (1) strike the award of attorney's fees because it was unsupported by any evidence; (2) strike the imputation of income to the husband and remand for recalculation of child support under the husband's actual income; (3) affirm the portion of the judgment finding the $36,000 buy-out from WGL to be a marital asset and dividing it equally between the parties; (4) remand for the trial court to limit the husband's liability for medical expenses to only those which are "reasonable and necessary" and to impose a dollar limitation on the annual medical expenses for which the husband is liable; (5) remand for child support arrearages to be calculated only from the date increased support was sought (August 22, 1994); and (6) remand for the calculation of interest on the child support arrearages.
AFFIRMED in part; REVERSED in part; REMANDED.
PETERSON, C.J., and DAUKSCH, J., concur.
NOTES
[1] Our review of the record reveals that the wife was not precluded from providing this evidence.