749 So.2d 513 (1999)
Stanley S. KRAUS, Appellant,
v.
Sheila J. KRAUS, Appellee.
No. 98-03790.
District Court of Appeal of Florida, Second District.
July 16, 1999.
Rehearing Denied August 19, 1999.
Thomas A. Smith, Tampa, for Appellant.
David A. Maney and Patricia F. Kuhlman of Maney, Damsker & Jones, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
In this interlocutory appeal from an order awarding increased temporary alimony, the husband, Stanley S. Kraus, contends the trial court committed two errors. He claims, first, that Mrs. Kraus' evidence did not support an increased need for alimony since the initial order for temporary alimony; and, second, that the increased temporary alimony award should not be retroactive to a date before Mrs. Kraus filed her motion for increased temporary alimony. We affirm the trial court on the first issue because there was substantial competent evidence showing an increased need. However, under these facts, we conclude the trial court erred in making the increased award retroactive to the date it did.
The parties were married on November 10, 1973. At the time Mrs. Kraus commenced dissolution proceedings, her financial affidavit indicated a need for monthly temporary alimony of $2400. She moved for temporary alimony and on February 5, 1997, the parties reached agreement on this figure. By order dated February 27, 1997, the trial court awarded her temporary alimony of $2400 per month. Over a year later, on May 29, 1998, she filed a motion for increased temporary alimony. After an evidentiary hearing, the court increased her temporary alimony by $800 per month and made the award retroactive to February 5, 1997. It thereby instantly created an arrearage of $14, 400 where none had previously existed.
Initially, we observe that generally even an order of temporary alimony is final during its lifespan. Not only should the parties be entitled to rely upon the court's order, but, additionally, the trial court should be required to use its resources only once on the identical issue. Were this not so, a litigant would continuously bombard the courts with new requests based solely upon facts that the court had already considered for its ruling. Even temporary awards are entitled to a measure of finality absent compelling circumstances that we do not find in this case.
In Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997), the wife sought an increase in the amount of temporary child support previously awarded. The appellate court held the retroactive increase in *514 temporary support could relate back only to the date the wife filed her request for increased temporary support. At that point, the husband was placed on notice that an increase in support was being sought. We agree with the reasoning of Warner and determine that it likewise applies in this instance.
Therefore, we conclude it was error to make the award retroactive to February 5, 1997. When the trial court awards retroactive support, it is limited to the date the request was filed, here, May 29, 1998. This holding is consistent with the general rule that parties are not permitted to litigate the same issue more than once. See James v. James, 84 So.2d 914 (Fla.1956) (citing Brickell v. Graves Inv. Co., 150 Fla. 785, 9 So.2d 733 (1942)).
Accordingly, we affirm the final judgment as to the $800 per month increase in temporary support but reverse as to the amount of arrearage. We remand for a recalculation of the arrearage in accordance with this opinion.
Reversed and remanded with instructions.
WHATLEY, A.C.J., and NORTHCUTT, J., Concur.