824 So.2d 953 (2002)
Gary Stuart Dennis ISRAEL, Appellant,
v.
Beth A. ISRAEL, and Lyis, Inc. a Florida corporation, d/b/a Mr. Santoro: GWZ & B, Inc., a Florida corporation; GSDI, Inc., a Florida corporation d/b/a Santoro; Northern Trust Bank of Florida, N.A.; Nationsbank; Homeside Lending, Inc., a Florida corporation; Prudential Securities; Josephthal & Co., Inc. Bear Stearns Securities Corp., Royal & Sunalliance Personal Insurance Company, Inc.; and the Equitable Life Assurance Society, Appellees.
No. 4D01-552.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
Rehearing Denied September 18, 2002.
Catherine L. Rosselli of Law Offices of Catherine L. Rosselli, Fort Lauderdale, and Cynthia L. Greene, Law Offices of Cynthia L. Greene & Associates, P.A., Miami, for appellant.
Nancy A. Hass of Nancy A. Hass, P.A., Hallandale, for Beth A. Israel.
MAY, J.
Amidst a myriad of issues raised in the appeal from a final dissolution of marriage, two require a reversal. We reverse the trial court's order as it relates to the retroactive portion of the child support award, and the maintenance of life insurance. In all other respects, the trial court's order is affirmed.
The first issue is the retroactive award of child support. While a trial court can order child support retroactively, it is error to do so when a temporary order for child support is already in place. See Kraus v. Kraus, 749 So.2d 513 (Fla. 2d DCA 1999). In this case, the trial court entered a temporary order for child support in the amount of $2,000. In the final order, the trial court ordered child support in the amount of $2,060 monthly and made the award retroactive to December, 1999, creating an instantaneous arrearage. To the extent that the additional monthly child support was increased $60 per month retroactively, it is reversed.
The second issue concerns that part of the trial court's order which required the husband to maintain an existing life insurance policy to secure child support and alimony, in the face amount of ($3,500,000.00). The trial court found that the husband had the financial ability to pay, *954 but did so without any finding on the need to secure the payments, the amount of insurance needed to secure the payments, and the cost of such insurance. Clearly, the trial court has the discretion to require insurance as security. See Hedendal v. Hedendal, 695 So.2d 391 (Fla. 4th DCA 1997). However, the court must determine the proper amount necessary to accomplish that goal and the husband's ability to pay based upon the cost of that insurance.
We reverse and remand the case to the trial court for proceedings consistent with this opinion.
FARMER and KLEIN, JJ., concur.