851 So.2d 819 (2003)
Anita F. DENT, Appellant,
v.
Robert T. DENT, Appellee.
No. 2D03-699.
District Court of Appeal of Florida, Second District.
July 30, 2003.
Edward C. McFadden, Jr., Tampa, for Appellant.
Neil E. Polster, Tampa, for Appellee.
*820 EDWARD F. THREADGILL, Senior Judge.
Anita F. Dent, the wife, appeals a nonfinal order on temporary relief in an action for dissolution of marriage against the husband, Robert T. Dent. We affirm but require the circuit court to clarify that this temporary order is without prejudice to the parties' rights to revisit the issues at the final hearing.
In November 2001, the parties entered into an agreement for temporary support. At that time, the spousal and child support was calculated based upon the husband's net monthly income of $2,962.89. The agreement required the husband to pay the wife, who is unemployed and at least partially disabled, $1,000 per month in temporary alimony and $440 per month in temporary child support for one child.
Exactly one year later, the wife requested an increase in the temporary support awards. She alleged that the husband's income and the expenses for herself and the child had increased. She indicated that she had exhausted all of the savings in her possession at the time of the parties' separation. She also asked for permission to sell an inoperable 1964 Chevrolet Malibu automobile in order to obtain a reliable form of transportation for herself and the minor child.
At the hearing on this motion, the circuit court questioned the parties' delay in setting a final hearing in the dissolution proceeding. The court was understandably frustrated at the thought of having a lengthy hearing on temporary support only to have to address the same issues in a final hearing. Therefore, the court refused to alter the monthly amount of temporary support at that time. Instead, the court entered an order requiring the parties to immediately set the matter for final hearing and prescribing certain stopgap measures to protect the parties and their assets pending the final hearing.
This order effectively provides the wife and child only $1,440 per month in temporary support plus $93 per month toward the child's automobile insurance premium, while allowing the husband to retain approximately $2,699 per month in net income. If this order were to be afforded any level of finality or if it could not be revisited at the final hearing, we might be compelled to reverse. In this case, however, the circuit court specifically anticipated that these issues could be better addressed in a final hearing. We cannot conclude that the circuit court abused its discretion in fashioning the temporary relief contained in this order in light of its specific intent to further address the issues at a final hearing that it anticipated would be held in the immediate future.
Although the transcript evinces the circuit court's intent to more fully address these issues at a final hearing, the written order entered on the wife's request does not specify that the court's stopgap measures are without prejudice to these issues being revisited during a final hearing. This court has previously observed that generally, "absent compelling circumstances," an order for temporary support is "final during its lifespan." See Kraus v. Kraus, 749 So.2d 513 (Fla. 2d DCA 1999) (citing with approval Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997)); see also Israel v. Israel, 824 So.2d 953 (Fla. 4th DCA 2002). As such, a circuit court that anticipates that its temporary support orders may need to be refined or adjusted in a final hearing should specify in the order that the provisions are without prejudice and may be modified by the court during the proceedings or in a final hearing. We therefore remand this case with instructions that the circuit court amend the order on appeal to specify that its *821 provisions are without prejudice to the parties' claims in a final hearing and that the court reserves jurisdiction to modify the support awards.
Turning to the portion of the temporary order that granted the wife's request to sell the 1964 Chevrolet Malibu, we note that chapter 61, Florida Statutes (2002), does not authorize a court to make a partial distribution of marital assets prior to a final hearing. See, e.g., § 61.052(3), Fla. Stat. (2002); see also Kalmanson v. Kalmanson, 796 So.2d 1249 (Fla. 5th DCA 2001) (reversing order granting partial equitable distribution); cf. Turnage v. Turnage, 653 So.2d 485 (Fla. 5th DCA 1995) (reversing order distributing interest in profit-sharing plan entered before cause was at issue and when trial court lacked complete understanding of all the parties' marital assets). However, section 61.052(3) permits the circuit court to make appropriate orders to provide for support and to preserve the property of the parties. The circuit court was thus authorized to order the sale of the vehicle. This provision of the order on appeal, however, should not be interpreted as finally resolving any issue as to the appropriate disposition of this asset. The final hearing should address whether this asset is nonmarital or marital property and how the proceeds received from the sale are to be credited in a final equitable distribution scheme.
We therefore affirm the order on appeal but remand for the circuit court to clarify that the order is without prejudice to all claims for support and distribution of assets that the parties may present in a final hearing.
SILBERMAN, J., Concurs.
STRINGER, J., Concurs specially.
STRINGER, Judge, Concurring.
I fully concur with the majority's decision in this case. I write only to question some of the broad language in Kraus, 749 So.2d 513, according a level of "finality" to temporary relief orders in domestic relations cases.
Temporary support orders are interlocutory in nature. Stock v. Stock, 693 So.2d 1080, 1086 (Fla. 2d DCA 1997); Moliver v. Moliver, 200 So.2d 613, 614 (Fla. 3d DCA 1967). It is well settled that courts retain authority over interlocutory orders and may change, modify or set aside such orders until the entry of a final judgment. Young v. Young, 65 So.2d 28 (Fla.1953); Whitaker v. Wright, 100 Fla. 282, 129 So. 889 (1930); Stock, 693 So.2d at 1086; Danner v. Danner, 206 So.2d 650 (Fla. 2d DCA 1968); Moliver, 200 So.2d 613; see also Wayno v. Wayno, 756 So.2d 1024, 1025 (Fla. 5th DCA 2000) (Cobb, J., concurring) (extending this "traditional concept" to apply to court's interlocutory approval of parties' agreement); cf. Pub. Health Trust of Dade County v. Diaz, 529 So.2d 682 (Fla.1988) (noting that a contrary position would prohibit trial court from correcting errors that would be correctable on appeal). As such, no party obtains a vested interest from a temporary support order. Duss v. Duss, 92 Fla. 1081, 111 So. 382, 385 (1926). The circuit court should thus be permitted to adjust temporary support orders in domestic relations cases when the circumstances merit it.
This rule of law reflects practical policy concerns inherent in temporary support orders. A temporary support order is often required at the beginning of the dissolution action, before the parties have had an opportunity to complete discovery. Given the urgency of some of these matters, the order is often entered based upon an abbreviated hearing and limited evidence. The court often has little more *822 than the parties' financial affidavits to guide it in calculating support. These forms can be complicated to fill out accurately, particularly for pro se parties or parties who are unable to review the affidavit with their counsel in detail prior to the temporary hearing. As the case progresses, the developing evidence or changes in the parties' financial circumstances may reveal inequities or errors in the prior support awards that require adjustment in the final analysis.
Recently, however, cases have suggested that temporary orders should enjoy a higher degree of "finality" than has been previously afforded to them. In Kraus, the wife was initially awarded $2,400 per month in temporary alimony pursuant to an agreement ratified by the court. The circuit court thereafter entered an interlocutory order granting the wife's request to increase alimony by increasing the award by $800 per month retroactive to the date she first filed for temporary relief. Kraus, 749 So.2d 513. This court reversed, stating:
Initially, we observe that generally even an order of temporary alimony is final during its lifespan. Not only should the parties be entitled to rely upon the court's order, but, additionally, the trial court should be required to use its resources only once on the identical issue. Were this not so, a litigant would continuously bombard the courts with new requests based solely upon facts that the court already considered for its ruling. Even temporary awards are entitled to a measure of finality absent compelling circumstances that we do not find in this case.
Id.; see also Israel v. Israel, 824 So.2d 953 (Fla. 4th DCA 2002) (citing Kraus and holding that trial court errs in awarding an increase in child support retroactive to a time during which a temporary order was in place).[1]
Kraus discusses two concerns raised by liberally permitting modifications of interlocutory orders. First, a legitimate due process concern would be raised if a party was unaware that the court would be reconsidering the temporary awards in a subsequent hearing. See, e.g., Wright v. Wright, 654 So.2d 674 (Fla. 5th DCA 1995). Thus, although a court is free to reconsider its interlocutory orders and the parties do not have a vested interest in the content of the order, the parties must have notice if those issues are to be revisited and an opportunity to be heard in this regard. Id. Generally, this would be accomplished in a pretrial memorandum or order. If it is not, it would appear to me that the aggrieved party would need to object on this basis, and that generally the proper remedy would be to require a continuation of the proceedings, not the denial of appropriate relief.
The second concern addressed in Kraus is that the court not repeatedly use its resources to address identical issues on more than one occasion. Certainly, if the evidence presented at a temporary hearing is identical to the more developed evidence presented at a final hearing, and the provisions of the final judgment do not affect the financial positions of the parties, a circuit court would be justified in refusing to change the temporary awards of support. However, I would not deny a circuit court the discretion to revise temporary support awards when the court believes *823 the circumstances merit it. Moreover, I fear that affording a temporary support order any level of finality will increase temporary support litigation, not lessen it. For example, if, after a temporary support award is entered, the financial positions of the parties change or new evidence on those positions is discovered, the party who would benefit from a modification of the temporary award will be required to immediately file a motion to modify the support, or risk losing the right to benefit from the changes. This could result in additional motions and temporary hearings over matters that were traditionally reserved for resolution in a final hearing. This additional litigation before the circuit court could also increase the number of interlocutory appeals of temporary support orders. Moreover, if these orders are considered "final" or binding upon the court in a final hearing, this court may have to subject them to a more rigorous standard of review.
Despite the language in Kraus, I believe that a circuit court judge in a domestic relations case retains the discretion to adjust temporary support orders in a final hearing when the circumstances merit it, provided that the parties have received notice and an opportunity to be heard on the issue. The presiding circuit court judge is in the best position to know what considerations were taken into account in the initial order, and whether subsequent developments in the case require an adjustment to be made in the final judgment.
NOTES
[1] I note that Kraus and Israel appear to conflict with Allison v. Allison, 605 So.2d 130 (Fla. 4th DCA 1992), and Burton v. Burton, 216 So.2d 480 (Fla. 4th DCA 1968), both of which held that a court could relieve a husband of an arrearage that had accrued based upon a temporary alimony award.