874 So.2d 1211 (2004)
Debra E. FLORES, Appellant,
v.
Victor R. FLORES, Appellee.
No. 4D02-1658.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
Michael H. Bloom of the Law Offices of Michael H. Bloom, Coconut Grove, for appellant.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellee.
KLEIN, J.
The wife appeals a dissolution judgment, arguing that the trial court failed to make the required findings regarding the parties' income in order to calculate child support. The husband cross-appeals, arguing that the court, after recognizing at the final hearing that the amount of temporary support may have been excessive, should have reduced temporary payments retroactively so that his arrearage would be lower.
The husband concedes that the trial court erred in not making findings as to the parties' income in order to calculate child support, Jones v. Jones, 636 So.2d *1212 867 (Fla. 4th DCA 1994), and we accordingly reverse and remand for a redetermination of child support. The wife also argues that the trial court erred in refusing to impute income to the husband and in denying her request for attorney's fees, but we affirm those issues without further discussion. That leaves the issue raised by the husband on cross-appeal.
At the final hearing the husband requested that the trial court retroactively reduce temporary alimony and child support payments on the ground that he had been without counsel at the temporary relief hearing and lacked the ability to present the trial court with an accurate financial picture. Although the trial court recognized that the temporary relief order may have awarded excessive amounts, it denied the husband's request to reduce the arrearage.
The wife contends that temporary support payments are vested and accordingly cannot be retroactively reduced. She argues that our decision in Allison v. Allison, 605 So.2d 130 (Fla. 4th DCA 1992), which squarely holds that a temporary support order may be retroactively reduced, is in conflict with Israel v. Israel, 824 So.2d 953 (Fla. 4th DCA 2002), Kraus v. Kraus, 749 So.2d 513 (Fla. 2d DCA 1999), and Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997).
In Israel, Kraus and Warner, however, the trial courts were reversed for retroactively increasing support payments, which created immediate arrearages. They stand for the proposition that a trial court cannot retroactively increase temporary support payments beyond the date the motion seeking the increase is filed. Those cases are distinguishable in that they involved retroactive increases, not decreases. The wife's interpretation of Israel, Kraus and Warner, which would prohibit retroactive decreases, would be contrary to Duss v. Duss, 92 Fla. 1081, 111 So. 382, 384 (1926), in which our supreme court held that past due or unpaid installments of temporary support may be "annulled or modified." Burton v. Burton, 216 So.2d 480 (Fla. 4th DCA 1968) (authorizing retroactive decrease in temporary support).
We are unable to determine whether the trial court was under the impression it could not retroactively reduce, but, as we noted earlier, the court did recognize at the final hearing that the payments required by the temporary order may have been excessive. We have concluded that, on remand, the trial court should reconsider this issue. As Judge Stringer observed in his concurring opinion in Dent v. Dent, 851 So.2d 819, 821-22 n. 1 (Fla. 2d DCA 2003):
A temporary support order is often required at the beginning of the dissolution action, before the parties have had an opportunity to complete discovery. Given the urgency of some of these matters, the order is often entered based upon an abbreviated hearing and limited evidence. The court often has little more than the parties' financial affidavits to guide it in calculating support. These forms can be complicated to fill out accurately, particularly for pro se parties or parties who are unable to review the affidavit with their counsel in detail prior to the temporary hearing. As the case progresses, the developing evidence or changes in the parties' financial circumstances may reveal inequities or errors in the prior support awards that require adjustment in the final analysis.
Affirmed in part and reversed in part.
WARNER and GROSS, JJ., concur.