WETHERELL, J.,
concurring in part and dissenting in part.
I concur in the decision to affirm the trial court’s determination that the parties did not have a valid marriage for the reasons stated in the en banc majority opinion, but I respectfully dissent from the decision to affirm trial court’s ruling on the child support issue raised in the cross-appeal.[2] I would reverse that issue and remand for the trial court to conduct the accounting agreed to by the parties and expressly provided for in the Temporary Order entered at the outset of this case.
Two children were born to the parties during their relationship. It is undisputed that Dr. Maal is the biological father of these children and that he has a legal duty to provide support for them. The parties agreed to shared parental responsibility, with Ms. Hall having primary residential custody of the children.
*688 The petition for dissolution of marriage filed by Ms. Hall in April 2006 sought an award of child support. The counter-petition to establish paternity filed by Dr. Maal in response to the petition for dissolution likewise requested that the trial court establish child support in accordance with the statutory guidelines.
On October 20, 2006, pursuant to the agreement of the parties, the trial court entered a Temporary Order that included the following provisions concerning child support:
3. As for child support, the Respondent [Dr. Maal] shall pay to the Petitioner [Ms. Hall] the sum of $5,000 per month commencing on October 1, 2006 and on the first of every month thereafter until further order of this Court.
4. The parties acknowledge that the said child support probably exceeds the to-be-determined guidelines support amount. The parties further acknowledge that there may be ar-rearage due since the actual date of filing. The Court reserves jurisdiction in order to effect necessary adjustments as far as support payable is concerned should either party be entitled to credit for any overpayment andlor underpayment of child support payable. This Court does find that the Respondent has paid as child support the sum of $1,750 per month for the period May through September 2006. (emphasis added)
On October 22, 2007, after a hearing, the trial court entered a Temporary Order on Child Support and Visitation. This second temporary order modified Dr. Maal’s child support obligation effective November 1, 2007, to $3,528 per month, which was comprised of $2,528 per month in guideline support and an additional $1,000 per month for speech therapy for one of the children.[3]
The Final Judgment of Paternity entered by the trial court on September 2, 2008, modified Dr. Maal’s child support obligation to $2,807 per month in guideline support and up to an additional $1,000 per month for speech therapy. The final judgment denied Dr. Maal’s request for reimbursement of any alleged child support overpayments without conducting the accounting required by the initial temporary order to determine whether “either party [was] entitled to credit for any overpayment and/or underpayment of child support.” The sole basis for the denial was the trial court’s finding that “the amounts paid by [Dr. Maal] were pursuant to a Stipulated Agreement entered into between the parties, and, as such, he is not entitled to reimbursement of any amounts paid in accordance with that Stipulated Agreement.”
In his cross-appeal, Dr. Maal does not challenge the amount of the child support obligation established in the final judgment. He only challenges the trial court’s denial of his request for reimbursement of the child support he allegedly overpaid pursuant to the initial temporary order.
The abuse of discretion standard typically applies to our review of a trial court’s award of child support. See Shaw v. Nelson, 4 So.3d 740, 742 (Fla. 1st DCA 2009). However, in my view, the de novo standard of review applies to our review of the child support issue in this case because the trial court’s denial of Dr. Maal’s request for reimbursement was not based upon an exercise of judicial discretion, but rather was based upon the trial court’s apparent *689 misinterpretation of, or failure to follow, the initial temporary order entered pursuant to the agreement of the parties. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (recognizing that the abuse of discretion standard does not apply where the appellate court is reviewing the trial court’s alleged failure to apply the correct legal rule); see also Avellone v. Avellone, 951 So.2d 80, 83 (Fla. 1st DCA 2007) (applying the de novo standard when reviewing the trial court’s interpretation of a marital settlement agreement incorporated into the final judgment).
As noted above, the trial court found that Dr. Maal was not entitled to reimbursement of any child support overpay-ments solely because the payments were made pursuant to an agreement of the parties. Although not cited by the trial court or Ms. Hall, there is case law that stands for the proposition that a parent is not entitled to reimbursement of excess child support that is paid voluntarily without an expectation that it is a loan that will have to be repaid. See, e.g., Martinez v. Martinez, 383 So.2d 1153, 1155-56 (Fla. 3d DCA 1980). In this case, however, the “voluntary” nature of the overpayments is not determinative because the parties expressly agreed that the trial court would conduct an accounting to determine whether “either party [was] entitled to credit for any overpayment and/or underpayment of child support.”
In my view, the trial court erred as a matter of law by failing to conduct the accounting agreed to by the parties and required by the initial temporary order. Alternatively, if the abuse of discretion standard applied, I would conclude that the trial court abused its discretion by failing to exercise it as contemplated by the initial temporary order. See V.F.D. v. State, 19 So.3d 1172, 1175 (Fla. 1st DCA 2009) (“The trial court abused its discretion by not hearing evidence and exercising its discretion based on the facts and circumstances of [the] ease.”).
The child support payments made by Dr. Maal pursuant to the initial temporary order were not vested rights/obligations that could not be retroactively modified as was suggested in the original panel opinion. See 34 Fla. L. Weekly at D2154 (quoting Waldman v. Waldman, 612 So.2d 703, 704 (Fla. 3d DCA 1993)). First, the payments were made pursuant to a temporary order, not a final judgment as was the case in Waldman. Second, in this case, the trial court expressly reserved jurisdiction in the initial temporary order to conduct an accounting to determine whether one of the parties was due a credit based upon an overpayment or underpayment of support. Third, our sister courts have consistently rejected the proposition that temporary support orders establish vested rights that are not subject to retroactive adjustment. See, e.g., Ghay v. Ghay, 954 So.2d 1186, 1190 (Fla. 2d DCA 2007); Roberts v. Roberts, 906 So.2d 1193 (Fla. 4th DCA 2005); Flores v. Flores, 874 So.2d 1211, 1212 (Fla. 4th DCA 2004); Dent v. Dent, 851 So.2d 819, 820-21 (Fla. 2d DCA 2003).
The record supports Dr. Maal’s claim that he overpaid child support pursuant to the initial temporary order and that he was therefore entitled to a credit in some amount. Dr. Maal presented evidence at the final hearing that he overpaid $19,006 in child support between October 2006 and October 2007, but my rough calculations suggest that the amount of credit that he is due is significantly less.[4] However, *690 without any findings from the trial court based upon the accounting contemplated by the initial temporary order, we are unable to properly review this issue. Remanding the child support issue to the trial court would allow it to make the necessary findings.
I recognize that trial courts have broad discretion in family law matters concerning child support and the best interest of the children. However, this broad discretion does not give the trial court free reign to ignore the parties’ agreement and the requirements of its prior order simply to reach a decision that might be viewed by some as “equitable” to Ms. Hall under the circumstances.
In my view, there is nothing unusual or inequitable in the approach agreed to by the parties and adopted by the trial court in its initial temporary order concerning child support. See Dent, 851 So.2d at 821-22 (Stringer, J., concurring specially) (explaining that “[a] temporary support order is often required at the beginning of the dissolution action, before the parties have had an opportunity to complete discovery” and that “[a]s the case progresses, the developing evidence or changes in the parties’ financial circumstances may reveal inequities or errors in the prior support awards that require adjustment in the final analysis”). The accounting agreed to by the parties must be viewed in context of the entire agreement, the apparent purpose and clear effect of which was to ensure that the children promptly received support, rather than delaying the child support payments to Ms. Hall while the parties bickered over the precise amount of support that should be paid. This type of approach should be encouraged, but the only way to do so is by requiring the trial court to give full effect to the parties’ agreement by conducting the accounting agreed to by the parties.
That said, I recognize the perceived unfairness of a decision requiring Ms. Hall to reimburse Dr. Maal for child support that he paid pursuant to the initial temporary order, particularly where one of the children has special needs and the validity of marriage issue is being resolved against Ms. Hall. However, that is what the parties agreed to, and I am confident that the trial court would be able to craft an equitable remedy if, as it appears, Dr. Maal overpaid child support and is entitled to reimbursement under the terms of the parties’ agreement.
For these reasons, I respectfully dissent from the decision to affirm the child support issue. In all other respects, I fully concur in the en banc majority opinion.

. The en banc opinion affirms the child support issue without discussion. The original panel opinion also affirmed this issue, holding that the trial court did not abuse its discretion in denying Dr. Maal reimbursement for alleged overpayments of child support because the payments were vested rights/obligations not subject to retroactive modification and because the payments were made voluntarily and were not considered a loan. See 34 Fla. L. Week at D2154.

. A subsequent order modified the child support obligation to a total of $3,854 per month, effective February 1, 2008. That modification has no bearing on the child support issue before us.

. Assuming no arrearage was due for any period prior to May 2006 (which was another fact the initial temporary order deferred resolution of), it appears to me that the overpay *690 ment was closer to $10,246. The petition for dissolution of marriage was filed in April 2006, and between May and September 2006, Dr. Maal appears to have underpaid child support in the amount of $8,890 because, according to the temporary order, he was paying only $1,750 per month when he should have been paying $3,528 per month. But, between October 2006 and October 2007, Dr. Maal appears to have overpaid support in the amount of $19,136 because he was paying $5,000 per month pursuant to the temporary order when he should have only been paying $3,528 per month.