MILLS, Judge.
In this appeal from final judgments in paternity actions, Perkins and McQueen contend the trial court erred in reserving jurisdiction to determine the amount of child support due them by Hinton and Davis. We affirm.
Defaults were entered against Hinton and Davis. They were found to be the fathers of the children of Perkins and McQueen. The trial court refused to award child support because it needed to know the financial status of Hinton and Davis before determining their ability to respond to a support obligation.
If it is necessary to determine the amount of damages or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may conduct hearings as it deems necessary. Rule 1.500(e), Florida Rules of Civil Procedure. Because a child support award is similar to that of damages, there is no error in the trial court’s insistence that Perkins and McQueen subpoena Hinton and Davis to appear before the court so that it might equitably determine a child support award.
While the use of the word “shall” is ordinarily mandatory in nature, Section 742.041(2), Florida Statutes (1979), provides: “Such amounts [the sliding scale in subsection (1) ] may be increased or reduced by the judge in his discretion depending upon the circumstances and ability of the defendant.” (Emphasis supplied) Thus, contrary to the arguments of Perkins and McQueen, Chapter 742 does not mandate a given amount of child support in every action.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.