GRIFFIN, Chief Judge.
■ The Department of Revenue [“DOR”] o/b/o Lásheene Killian [“Killian”] appeals a final default judgment of paternity because of the trial court’s refusal to set the amount of child support payable by the father.
On March 12, 1997, the DOR filed a complaint against Victor Green to establish paternity, child support and for other relief. Among other things, the complaint sought an order requiring Green to pay child support and retroactive support for his minor son *1246 according to the guidelines. The complaint alleged in relevant part that:
The children) need and have needed since birth support from the Respondent who has and has had the ability to provide support for the children.
The complaint was served on Green by substituted service on March 24, 1997. A clerk’s default was entered against him on April 22, 1997. On April 23, 1997, the department attempted to serve Green with a subpoena duces tecum for a hearing to be held on June 6, 1997. The subpoena was returned unserved with the notation that “Defendant moved, no forwarding address to Texas.”
At the hearing on June 6, 1997, the court entered a final default judgment against Green on the issue of paternity. The court refused to determine the amount of support payable by Green, however, because of a lack of evidence regarding his income. The DOR contended that the court should impute minimum wage income to both parties, based on the allegations contained in the complaint. The court refused the request, but reserved jurisdiction to make a future award. The DOR has appealed the trial court’s refusal to impute income to the father and to make a final award of child support. We affirm.
DOR’s argument ignores the fact that the imputation of income is based on a parent’s voluntary unemployment or underemployment. See, e.g., Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997); § 61.30(2)(b), (9), Fla. Stat. (1995). Here, the record is totally devoid of any evidence that the father was voluntarily unemployed or voluntarily underemployed. In fact, there was no evidence of any kind regarding the father and his employment history. In the absence of such evidence, there is no basis for imputing income to the father. See Perkins v. Hinton, 421 So.2d 632 (Fla. 1st DCA 1982).
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.