DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIBOR E. POLCZ,**
Appellant,

v.

**IRMA ENIKO POLCZ,**
Appellee.

No. 4D14-546

[March 18, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy P. McCarthy, Judge; L.T. Case No. 502009DR007355XXXXSB.

E. Ross Zimmerman of Zimmerman & Bayne, P.A., Tamarac, for appellant.

Doreen Inkeles of Beiner, Inkeles & Horvitz, P.A., Boca Raton, for appellee.

CIKLIN, J.

In this post-judgment dissolution of marriage case, the former husband appeals and the former wife cross-appeals an order granting the former husband's petition for modification of alimony. We find that one meritorious issue is raised: within the modification order, the amount of alimony arrearages purportedly owed is inconsistent with the findings regarding the amount of alimony paid. We therefore reverse and remand for clarification of arrearages, and we affirm on all other issues.

The parties were divorced by a final judgment that incorporated a marital settlement agreement and awarded the former wife alimony. The former husband is a physician with a medical practice specializing in fertility, and at the time of the divorce, the former wife was unemployed. The former wife eventually found employment and several years after the judgment was entered, the former husband petitioned for a downward modification of alimony payments based on a reduction in income. The former wife moved for contempt for non-payment of alimony.

After a hearing, the trial court granted the former husband's petition in part, reducing alimony to $1,600 per month retroactive to the month after the petition for modification was filed. The court found that the former husband had paid $200.00 per month in alimony in the fifteen months since his petition was filed, and that, since alimony had been reduced retroactively to that time, there were no arrearages. It denied the wife's contempt motion.

The former wife argues that the trial court erred in determining that there were no alimony arrearages and that the court's calculation of the retroactive modification was inaccurate. She argues and the trial court found that the former husband had been paying only $200.00 per month.

The modification order is erroneous because its mathematical findings do not support the court's final decision as to a reduction in arrearages. *See Allison v. Allison,* 605 So. 2d 130, 131 (Fla. 4th DCA 1992) (remanding for clarification where it was unclear how the trial court calculated deduction in temporary alimony arrearage).[1] Although the trial court may have had some other compelling reason for eliminating arrearages owed by the former husband, it is not apparent in the modification order.

Accordingly, we remand this cause to the trial court to clarify the amount of the deduction of the arrearage and make any appropriate adjustments.

*Affirmed in part, reversed in part, and remanded.*

WARNER and GERBER, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] It appears to us that reducing the total amount of alimony owed by the total amount found to have actually been paid leaves $21,000.00 in arrears.